MATTEO RIZZITTELLI *vs.* ANDREW O. VESTINE.

Worcester.    October 8, 1923. — October 9, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, PIERCE, & CARROLL, JJ.

*Negligence,* Motor vehicle, In use of highway.    *Proximate Cause.    Negligence,*
Res ipsa loquitur.

From an interpretation of evidence most favorable to the plaintiff at the trial
of an action for personal injuries received by a boy when he was crossing a
public highway in a city at ten o'clock on a night in August, it appeared
merely that the plaintiff, " walking fast," was attempting to cross the street
through a line of automobiles which were approaching from his left and
were "four or five steps away from each other" and that, without his
hearing a horn or other warning, he was struck by the automobile of the
defendant approaching from his right on the farther side of the way, and
there was nothing to indicate that he could have been seen by the defendant
for more than an instant, if at all, before the collision.    *Held,* that it was
proper to order a verdict for the defendant because there was nothing in the
evidence to support a finding that any negligence of the defendant had
causal relation to the plaintiff's injury, the mere happening of the accident
not being evidence to that end.

TORT for personal injuries alleged to have been caused
by negligent driving of the defendant's automobile, which
at ten o'clock at night on August 16, 1919, ran into the
plaintiff on Shrewsbury Street in Worcester.    Writ dated
September 10, 1919.

In the Superior Court, the action was tried before *Burns,* J.
At the close of the evidence, on motion of the defendant, a
verdict was ordered in his favor.    The plaintiff alleged
exceptions.

*N. Fusaro, E. F. Simpson & G. F. Foley,* for the plaintiff,
submitted a brief.

No argument nor brief for the defendant.

RUGG, C.J.    This is an action to recover compensation
for personal injuries received in the late evening of August 16,
1919, on Shrewsbury Street in Worcester, by the plaintiff,
then eleven years of age, through being struck by an auto-
mobile owned and operated by the defendant.    There had
been a celebration with fireworks earlier in the evening.    At

its conclusion the plaintiff on the northerly sidewalk with others followed for some distance a band parading in the street. Then he decided to go home. The street ran substantially east and west at the place in question, and the wrought part of the street northerly of a street railway reservation was twenty-eight feet wide. Another street intersected on the northerly side, near which the plaintiff started to cross Shrewsbury Street. There was evidence tending to show that the plaintiff looked up and down Shrewsbury Street to see if any automobile was coming; that quite a number of automobiles were coming from the east going westerly "four or five steps away from each other;" that the plaintiff did not see any automobile coming from the west going toward the east; that "the street was full of autos;" that the plaintiff was "walking fast;" that when about fifteen feet from the street railway track he was struck by the left forward wheel of the defendant's automobile travelling from west to east and that he heard no noise or horn or other warning, and that other grown-up people and boys were crossing the street at the time. Other testimony, if believed, tended to exonerate the defendant from blame, but that is laid to one side because the case must be considered in its aspect most favorable to the plaintiff.

There is nothing in the evidence to support a finding that any negligence of the defendant had causal relation to the plaintiff's injury. The mere happening of the accident was not evidence to that end. The plaintiff must have come into the pathway of the defendant's automobile by first passing through a procession of automobiles moving on the same street in the opposite direction. There is nothing to indicate that he could have been seen by the defendant for more than an instant, if at all, before the injury. The case is governed by numerous decisions. *Lovett* v. *Scott,* 232 Mass. 541. *Nager* v. *Reid,* 240 Mass. 211. *Goetze* v. *Dominick, ante,* 310. *O'Donnell* v. *Bay State Street Railway,* 226 Mass. 418. *Donahue* v. *Massachusetts Northern Street Railway,* 222 Mass. 233. *Mercier* v. *Union Street Railway,* 230 Mass. 397, 405. It is distinguishable from

*Gray* v. *Batchelder,* 208 Mass. 441, *Rasmussen* v. *Whipple,* 211 Mass. 546, *Booth* v. *Meagher,* 224 Mass. 472, *Emery* v. *Miller,* 231 Mass. 243, and other authorities on which the plaintiff relies.

The testimony that no horn was heard just before the accident " is merely negative and of no value as evidence that it was not sounded." *Gibb* v. *Hardwick,* 241 Mass. 546, 549.

*Exceptions overruled.*