GEORGE A. POND, administrator, *vs.* FRANCES SOMES,
administratrix.

Essex.    February 13, 1939. — April 11, 1939.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Negligence,* Contributory, In use of way, Due care of child, Causing
   death. *Evidence,* Presumptions and burden of proof. *Pleading, Civil,*
   Declaration.

In the absence of evidence of all that a boy eleven years of age did and
   what observations he made after he had alighted from a school bus
   on the right side of a street in the daytime and had started around its
   front to cross the street to his home, when, after he reached the mid-
   dle of the street, he was struck by an automobile which approached
   from behind the bus and was operated at high speed on a clear, straight
   stretch of the street, a ruling was not required that the boy was guilty
   of contributory negligence.
The declaration in an action under G. L. (Ter. Ed.) c. 229, § 5, for the
   death of a boy should have contained an allegation that the boy left
   next of kin.

TORT. Writ in the Second District Court of Essex dated
April 22, 1938.

On removal to the Superior Court, the action was tried
before *Baker,* J., and a verdict for the plaintiff was returned
in the sum of $5,082.63.

*E. J. Sullivan,* for the defendant.

*E. Foss,* for the plaintiff.

COX, J. The plaintiff's intestate, an eleven-year-old boy,
hereinafter referred to as the Pond boy, was killed on

March 9, 1938, at about three o'clock in the afternoon, by an automobile operated by the defendant's intestate, hereinafter referred to as Somes, who died subsequently to the trial. Somes seasonably presented a motion that a verdict be directed for him upon the evidence and the pleadings. This motion was denied and he excepted. The jury returned a verdict for the plaintiff, and although the trial judge reserved leave to enter a verdict for the defendant, nevertheless he subsequently denied the then defendant's motion to enter such a verdict and Somes excepted. The defendant administratrix concedes that there was evidence warranting a finding that Somes was negligent. The only questions that have been argued are (1) whether the motions should have been allowed on the ground that the Pond boy was guilty of contributory negligence, and (2) whether the plaintiff can recover upon his declaration.

1. The jury could have found from the evidence that on the afternoon of the accident the Pond boy, in a group of about forty-five children including his sister, had been transported in a school bus from a school in Salisbury southerly in the direction of Newburyport to the place of the accident on Bridge Road. This road, which is U. S. Route 1, runs north and south, is thirty feet wide, and is straight for a distance of from four to five hundred feet to a curve, in the rear of the place where the bus stopped on the right side of the road for the purpose of enabling the Pond children to alight. As one comes around this curve he would have a clear view of the bus. This stopping place was the usual one "for letting off" the Pond children, whose home was diagonally across the road to the south. The other children were going to Newburyport to an entertainment. After the bus stopped the driver opened the right hand door to allow the Pond children to alight; the Pond boy was then at the door; he stepped down into the well of the bus, the door was opened and he alighted. After "letting the girl off . . . [the driver's] attention was directed to see whether he could close the door . . . and as he was about to shut the door he saw the boy run around to the front of the bus; the boy was running and realizing his

danger . . . [the driver] immediately blew his horn but
the boy continued on and was struck in the middle of the
road; . . . the boy ran across the road a little diagonally
in the direction of Newburyport; . . . a cold thirty mile
wind was blowing . . . from the north or northwest; the
boy ran with a dinner box in his hand and . . . [the driver
thought] a book and had his arm up like that hanging onto
his dinner box and running across the road that way; he
appeared to be leaning against the wind . . . [and] might
have been ten feet or a little less or a little more ahead of
the bus when he was struck . . . [by] the defendant's car
when . . . in the middle of the road . . . the boy was
about in front of the bus before . . . [the driver] noticed
what he was doing and then he saw that he was running."
The radiator of the Somes automobile was broken and the
lens of the left headlight was cracked.  There was no traffic
coming from the direction of Newburyport, and the only
evidence of traffic coming from the opposite direction was
the testimony of a witness that he was following the Somes
automobile as the two vehicles approached the bus from
its rear, and that he was about five hundred feet from the
bus when the accident occurred; that he saw another au-
tomobile going south which passed the Somes automobile
when the latter was approximately at the rear end of the
bus.  The Somes automobile had been travelling along the
road at the rate of fifty miles an hour and when the Pond
boy appeared in front of the bus it was "doing fifty miles
per hour or better."  The bus, which was seven feet eight
inches wide and twenty-nine feet long, was orange or tan-
gerine in color, and the words "School Bus" on its back
could be read at a distance of four hundred and twenty
feet.  (See G. L. [Ter. Ed.] c. 90, § 7A; St. 1932, c. 271,
§ 2.)  It was over six feet from the door on the right side
of the bus to the bumper on the front.  The entire rear end
of the bus was visible to one approaching from the north
and some of the children could be seen standing inside.
There was nothing in the roadway coming "from Salisbury
south towards where the bus was standing which would
obstruct the view of the sign on the rear of the bus."  The

Pond boy had been riding back and forth to school on the bus from September, 1937. The only other evidence as to what the Pond boy did from the time he alighted from the bus until he was struck by the Somes automobile came from two witnesses, one of whom, the motorist following Somes, testified that as he approached the bus he noticed the sign first and then "noticed this boy out by the left front fender of the bus bent down in a position looking towards Newburyport; then he saw him go out and that is the last he saw of him because the defendant's car blocked the view; he saw the boy run out in front of the bus with his head down." The other witness, who was one of the school children in the bus, testified that "the bus stopped opposite the Pond house and the deceased and his sister got out; the deceased ran in front of the bus and was struck in the middle of the road ten feet ahead of the bus."

We think the question whether the Pond boy was guilty of contributory negligence was one for the jury. The defendant contends that the language of the court in *Doyle v. Boston Elevated Railway,* 248 Mass. 89, is decisive against the plaintiff. There the court said at page 91, "While it is true that '. . . when a party has the burden of establishing a proposition by oral testimony, a court can seldom rule as a matter of law that the proposition is proved.' *Kelsall v. New York, New Haven & Hartford Railroad,* 196 Mass. 554, 556; it is none the less true that 'Where from the facts which are undisputed or indisputable, or shown by evidence by which the plaintiff is bound, only one rational inference can be drawn and that an inference of contributory negligence or want of due care, then the question of due care or contributory negligence is one of law for the court and a verdict for the defendant should be directed.' *Duggan v. Bay State Street Railway,* 230 Mass. 370, 379." In our opinion, however, the evidence in the case at bar did not require the drawing of an inference of contributory negligence. Contributory negligence, if any, of the Pond boy was an affirmative defence and the burden of proving it rested upon the defendant. G. L. (Ter. Ed.) c. 231, § 85. All the facts

bearing upon the conduct of the deceased were not presented by the evidence. They were not shown beyond peradventure. We do not know all that the deceased did or what observations he may have made from the moment he alighted at the right hand door of the bus until he was seen at its front. Death, it may be said, has prevented us from knowing what the deceased may or may not have observed. *Conrad* v. *Mazman,* 287 Mass. 229, 234. *Stacy* v. *Dorchester Awning Co. Inc.* 290 Mass. 356, 360. *Leveille* v. *Wright,* 300 Mass. 382, 389, and cases cited.

The Pond boy was not guilty of contributory negligence if he used the care of the ordinarily prudent boy of his age. *Bessey* v. *Salemme, ante,* 188, 194. No question is raised that at the time he was killed he was not using the highway for purposes of travel. As he alighted from the bus, if he looked to the rear, it may be that no automobile was in sight because of the curve, distant from four hundred to five hundred feet. If this was so, he may have formed a judgment that he had time to cross in front of the bus. He had a right to rely to a reasonable extent upon the expectation that, if an automobile came around the curve in the direction of the bus, it would be operated with a due regard to the rights of others. *Sooserian* v. *Clark,* 287 Mass. 65, 68. One would hardly expect, when a school bus in which children may be observed is stopped on the side of a straight stretch of road at three o'clock in the afternoon of a clear school day, that the driver of an automobile approaching from the rear would bear down upon and attempt to pass it at a speed of fifty miles an hour or better.

It is possible, however, that the Pond boy may have looked and seen the Somes automobile approaching. Whether he looked or not we have no means of knowing, but if he did look and saw the Somes automobile approaching, he may have formed a belief, which would have to be only the belief of an ordinarily prudent eleven-year-old boy, that he had time to pass in front of the bus and to cross the road. While this is a matter of speculation, nevertheless if the Pond boy formed such a belief, even

though mistaken, and such a belief was reasonable, then he was not imprudent in acting upon it, *Joughin* v. *Federal Motor Transportation Co.* 279 Mass. 408, 411, and cases cited; and if, as he alighted, he observed the Somes automobile approaching, he could take into account Somes's duty to exercise a proper degree of care. *Gaulin* v. *Yagoobian*, 261 Mass. 145. *DuBois* v. *Powdrell*, 271 Mass. 394, 396. *Boni* v. *Goldstein*, 276 Mass. 372, 376.

The case is distinguishable from those where, upon a full disclosure of facts which are undisputed or indisputable, or which are shown by evidence binding the plaintiff, or upon which he must rely for recovery, it appears that he suddenly stepped from a place of safety directly in front of a moving vehicle. See *Sullivan* v. *Chadwick*, 236 Mass. 130; *Will* v. *Boston Elevated Railway*, 247 Mass. 250; *Doyle* v. *Boston Elevated Railway*, 248 Mass. 89; *Hughes* v. *Iandoli*, 278 Mass. 530.

2. The plaintiff's declaration, after reciting the facts as to the accident, concludes as follows: "Wherefore, the plaintiff in his said capacity [administrator] claims damages of the defendant, under the provisions of Mass. Gen'l Laws chapter 229, and acts in amendment and supplementary thereto." It was held in *Hirrel* v. *Lacey*, 274 Mass. 431, 436, which was an action for death similar to the case at bar, that there ought to have been an allegation in the declaration to the effect that the deceased left next of kin. See G. L. (Ter. Ed.) c. 229, §§ 1, 5, as amended by St. 1937, c. 406, § 3. The declaration in the case at bar contains no such allegation. There was evidence, however, that the decedent actually left next of kin, and at the argument in this court it was agreed that he did.

The plaintiff may apply to the Superior Court to amend his declaration by adding an averment to that effect. If such amendment is allowed within sixty days from date of rescript, the exceptions are overruled; otherwise judgment is to be entered for the defendant. *Hirrel* v. *Lacey*, 274 Mass. 431, 436.

*So ordered.*