ANTONIO ZARRILLO, administrator, *vs.* JOHN J. MURPHY.

Suffolk. February 5, 1942. — May 26, 1942.

Present: FIELD, C.J., QUA, COX, & RONAN, JJ.

*Negligence,* Contributory, Use of way. *Practice, Civil,* Auditor: findings. *Evidence,* Presumptions and burden of proof.

A verdict for the defendant was properly ordered in an action against the operator of an automobile for the death of a sixteen year old boy where uncontradicted subsidiary findings by an auditor, whose findings were not final, as to the circumstances in which the boy ran "blindly" "as hard as he could" across a city street and into the side of the automobile, showed that he was not in the exercise of due care and the auditor made a further categorical finding to that effect.

TORT. Writ in the Municipal Court of the City of Boston dated July 13, 1938.

Upon removal to the Superior Court, the action was tried before *Hurley*, J.

*T. B. Shea*, for the plaintiff.

*T. H. Mahony*, for the defendant.

QUA, J. This action is for the death of the plaintiff's intestate, a sixteen-year old boy, as the result of being struck by an automobile driven ·by the defendant on Boston Street in Boston on the afternoon of June 2, 1938. The plaintiff excepts to the direction of a verdict for the defendant.

Certain facts are not in dispute. The accident happened at or near the easterly end of a bridge. A solid girder approximately four feet in height divided the bridge into two roadways used respectively by vehicles going in opposite directions. This girder, to the extent of its height, obscured the view from one roadway to the other. The deceased and another boy were stealing a ride on a truck which was bound in a westerly direction toward Dorchester. The truck stopped or nearly stopped on the northerly roadway of the bridge, and the helper from the truck began chasing the boys, who ran back in an easterly direction toward South Boston. After the deceased had reached the easterly end of the bridge and the end of the girder he turned toward the southerly side of the street and came in contact with the defendant's taxicab which had been proceeding in an easterly direction on the southerly roadway of the bridge.

An auditor whose findings of fact were not to be final made these findings among others: When the deceased (running) reached the end of the center girder "he turned sharply to his right to go toward the sidewalk on his right and had gone about four feet beyond the end of this centre girder toward his right when he ran into the left side of . . . [the defendant's taxicab], striking it at about the rear of the front door." He ran "as hard as he could" and did not slacken his speed. He "rebounded" from the taxicab and fell in the street, "thus receiving the injuries which caused his death." The center girder of the bridge pre-

vented the defendant from having a clear view of what was happening on the northerly roadway at his left. He did not see the deceased "until just about the instant that the latter ran into his cab." At "no time did the plaintiff's intestate give any thought or care to his own safety. His only object was to escape from his pursuer and not get caught. He ran blindly without taking any precautions for his safety." He was not in the exercise of due care. The defendant was not negligent. He could not reasonably anticipate that someone would suddenly run around the end of the girder in a place where he would not be expected. The auditor found for the defendant.

It is the contention of the plaintiff that at the trial before the jury there was further evidence from which it was possible for the jury to find that the accident did not happen practically at the end of the girder as found by the auditor, but that it happened from eighty to ninety-five feet from the easterly end of the bridge; that therefore the defendant had an opportunity to see the deceased running across the street and was negligent in failing to warn him and to avoid him; and that the defendant's negligence was the sole cause of the accident. Whether the evidence at the trial would have warranted a finding of negligence on the defendant's part we need not decide. The main difficulty with the plaintiff's contention is that there is nothing in that evidence which contradicts the decisive findings of the auditor as to the contributory negligence of the deceased. The findings remain that the deceased, running "as hard as he could" across a city street, giving no thought or care and taking no precautions for his own safety, ran "blindly" into the side of the defendant's vehicle. These findings are not affected by the evidence as to the particular spot in the street where the contact occurred, and the evidence is not such that they may be contradicted by permissible inferences of emergency arising out of flight from any serious danger. See *Bothwell* v. *Boston Elevated Railway*, 215 Mass. 467, 469, 470. They retain their prima facie quality under the statute. G. L. (Ter. Ed.) c. 221, § 56. *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564. In this aspect the case

resembles *Wade* v. *Buchanan,* 306 Mass. 318, 321-324, and is governed by that decision. See *Kneizys* v. *Stone,* 297 Mass. 31, 33. Facts established by uncontradicted findings of the auditor demonstrate the contributory negligence of the deceased. *Swetzoff* v. *O'Brien,* 226 Mass. 438. *Sullivan* v. *Chadwick,* 236 Mass. 130, 135, 137. *Murphy* v. *Boston Elevated Railway,* 262 Mass. 485. *Jackman* v. *O'Hara,* 280 Mass. 496.

Exceptions to rulings on evidence have not been argued and are treated as waived.

*Exceptions overruled.*