ROSEMARY I. MROCZEK & another *vs.* WILLIAM R. CRAIG.

SAME *vs.* NEW YORK AUCTION COMPANY, INC.

Franklin.    September 16, 1942. — October 27, 1942.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Negligence*, Motor vehicle, Use of way, Contributory. *Evidence*, Statement by witness out of court.

Evidence of the circumstances in which the plaintiff, a girl seven years of age, left an automobile at the side of a street, passed behind it and attempted to cross the street, when, at a point some distance to the rear of the automobile she had left, she was struck by the left front fender of an automobile operated by the defendant and approaching from her right, warranted a finding of negligence of the defendant and did not require a finding of contributory negligence of the plaintiff.

A writing, signed by a witness before a trial and used at the trial to show a statement contrary to his testimony, has no probative force as to the truth of such statement but is competent only as to his credibility.

TORT.    Writ in the District Court of Franklin dated September 27, 1941.

On removal to the Superior Court the action was tried before *Donahue*, J.

*J. P. Moriarty*, for the defendants.

*J. T. Bartlett*, for the plaintiffs.

RONAN, J.    The minor plaintiff has obtained verdicts for personal injuries sustained by her on Main Street, Northfield, when struck by an automobile operated by the defendant Craig while he was on the business of the corporate defendant.    Her father was permitted to become a party plaintiff, in accordance with G. L. (Ter. Ed.) c. 231, § 6A, inserted by St. 1939, c. 372, § 1, and he has obtained verdicts for consequential damages.    The minor plaintiff will herein be called the plaintiff.    The cases are here upon the exceptions to the denial of motions for directed verdicts and to the refusal of the judge to give certain requests for instructions.

The plaintiff, a girl seven years of age, together with her

brother, who was younger than she, left an automobile, owned by one Chapin, which was conveying them home from school a little after noon on a pleasant October day in 1940, and had stopped facing south, by a driveway, with its left wheels a few inches over the westerly edge of the macadam that formed the surface of the street, for the purpose of allowing another child to leave. The plaintiff went around the rear of the Chapin automobile and was proceeding to cross to the easterly side of the street when she was struck by the automobile operated by Craig, who was travelling north on his right or the easterly side of the street. The travelled part of the way consisted of a macadam strip twenty feet wide with gravel shoulders three feet in width. The street was straight for one thousand feet to the south, which was the direction from which Craig had come. A monument was located about ninety-eight feet north of where the Chapin automobile had stopped at the time the plaintiff left it. Maple Street entered Main Street on the east at about the site of the accident, and dwellings were located upon each of the two corners of Maple and Main streets.

The defendants contend that the plaintiff ran out suddenly from behind the Chapin automobile and directly into the path of the Craig automobile, which was then so near the Chapin automobile that the accident could not be avoided. If the jury adopted this version of the accident, then the defendants were entitled to verdicts and the jury were in substance so instructed by the trial judge. *Rizzitelli* v. *Vestine*, 246 Mass. 391. *McGrimley* v. *Jameson*, 297 Mass. 280. *Lynch* v. *Krancer*, 302 Mass. 593. *Abrahams* v. *Rice*, 306 Mass. 24. *Wade* v. *Buchanan*, 306 Mass. 318. *Zarrillo* v. *Murphy*, 311 Mass. 493.

Whether the accident occurred about opposite the rear of the Chapin automobile or some distance to the north of it was in dispute. There was evidence that Craig was travelling at the rate of thirty or thirty-five miles an hour, passing seven to twelve feet easterly of the Chapin automobile, and that he did not see the plaintiff until she was struck by the left front mudguard, "well toward the front of the

fender" of his automobile, and was hurled into the air and rolled along the westerly side of the road until she came to rest at a point some five or six feet south of the monument. One of her shoes was found there. There was evidence of brake marks eighteen to twenty feet in length which commenced twenty to twenty-five feet from the northerly edge of the driveway in which Chapin had stopped his automobile. Upon this evidence, the jury could find that the place of the accident was sufficiently north of the automobile that the plaintiff had left for Craig to have seen her and her brother as they were crossing the street in season to have averted striking her, if he were exercising reasonable care in operating his automobile. The negligence of Craig upon all the evidence presented an issue of fact which was properly submitted to the jury. *Fayard* v. *Morrissey*, 281 Mass. 166. *Stacy* v. *Dorchester Awning Co. Inc.* 290 Mass. 356. *Schneider* v. *DeChristopher*, 301 Mass. 241. *Stinson* v. *Soble*, 301 Mass. 483. *Campbell* v. *Cairns*, 302 Mass. 584. *Pond* v. *Somes*, 302 Mass. 587.

The plaintiff did not testify. There was nothing in the evidence that required a finding that she started to cross the street without looking for any vehicles that might be approaching, or that she was careless in attempting to run across the street if the accident occurred several feet north of the Chapin automobile. The record does not disclose whether she saw the Craig automobile before she was struck or whether, having observed it, acting rationally for a child of her years, she thought that it was sufficiently distant to afford her a reasonably safe opportunity to travel to the other side of the street. She could to a certain extent rely upon the expectation that Craig would drive with reasonable care and with due regard for the rights of pedestrians. The evidence did not require a ruling that the plaintiff was contributorily negligent. *Boni* v. *Goldstein*, 276 Mass. 372. *Dirsa* v. *Hamilton*, 280 Mass. 482. *Stacy* v. *Dorchester Awning Co. Inc.* 290 Mass. 356. *Pond* v. *Somes*, 302 Mass. 587. *Birch* v. *Strout*, 303 Mass. 28.

This is not a case where the evidence concerning the plaintiff's conduct establishes beyond dispute facts that as

matter of law demonstrate her negligence, or where the evidence by which she is bound or upon which she must rely to recover shows that she suddenly left a place of safety and stepped into the path of an approaching vehicle so near to her that she was immediately struck by it. *Sullivan* v. *Chadwick,* 236 Mass. 130. *Hughes* v. *Iandoli,* 278 Mass. 530.

The defendants excepted to the refusal of the judge to give two requests for instructions, which were to the effect that, if the plaintiff ran out from behind the Chapin automobile without looking and ran into the Craig automobile, she could not recover; and that such conduct would be some evidence of her negligence. The short answer to the defendants' contention is that there is no evidence that she came out from behind the Chapin automobile without looking for approaching traffic. The only testimony on this aspect of the case came from a witness who testified that she did not know whether the plaintiff looked, and, after being shown a statement signed by her in which she stated that the plaintiff did not look, finally took the position that "I say now that I don't know whether the children looked around as they ran out into the road." *Sullivan* v. *Boston Elevated Railway,* 224 Mass. 405. *Osborne* v. *Boston Consolidated Gas Co.* 296 Mass. 441. *Smith* v. *Boston Elevated Railway,* 304 Mass. 422. What was contained in her written statement had no probative force as to the truth of anything therein stated but merely went to her credibility. *Donaldson* v. *New York, New Haven & Hartford Railroad,* 188 Mass. 484. *Commonwealth* v. *Festo,* 251 Mass. 275. *Rankin* v. *Brockton Public Market, Inc.* 257 Mass. 6. *Horneman* v. *Brown,* 286 Mass. 65. *Dunlea* v. *R. D. A. Realty Co.* 301 Mass. 505. *Kavanaugh* v. *Colombo,* 304 Mass. 379.

*Exceptions overruled.*