Leo McGovern & another *vs.* Henrietta Thomas.

Suffolk.    January 2, 1945. — February 28, 1945.

Present: Field, C.J., Lummus, Qua, Wilkins, & Spalding, JJ.

*Negligence,* Motor vehicle, Use of way.

Evidence at the trial of an action by an eight year old boy against the operator of a slowly moving automobile for injuries sustained when he was struck by the automobile as he was walking across the space in a street between a diagonally parked truck and the opposite curb warranted findings that the plaintiff was in view of the defendant for enough time before the collision to enable the defendant to stop without striking him, and that the defendant was negligent in not doing so.

Tort.    Writ in the Municipal Court of the City of Boston dated September 16, 1941.

On removal to the Superior Court, the action was tried before *Morton*, J.

*D. J. Kelly*, for the plaintiffs.

*H. S. Avery*, for the defendant.

QUA, J.  This is an action by a minor plaintiff to recover for personal injury to himself and by his father to recover consequential damages (see G. L. [Ter. Ed.] c. 231, § 6A, inserted by St. 1939, c. 372, § 1), all as the result of the minor plaintiff's being struck by an automobile driven by the defendant on Chapman Street in Quincy on September 8, 1941.

Chapman Street runs north and south and is twenty-four feet wide between curbs.  The father, a truck driver, had taken the eight year old minor plaintiff with him in the cab of the truck.  The father parked the seventeen foot truck on the westerly side of Chapman Street headed south at an acute angle to the curb and in such a position that the right rear end of its tailboard projected over the sidewalk.  Its right front wheel, as the jury could find, was five or six feet from the curb at its right, and its left front corner was about at the middle of the street.  The father then delivered his load of potatoes at the "First National Store," by whose door he had parked, leaving the boy in the cab.  After a time, while the father was in the store, the boy got out of the cab by its left hand door, which swung toward the back of the truck, and started to cross to the east side of the street for the purpose of buying candy.  While so crossing he was struck by the defendant's automobile, which approached from the south, travelling in a direction opposite to that in which the truck was headed, and passed between the truck and the curb on the east side of the street.  After verdicts for the plaintiffs, the judge entered verdicts for the defendant on leave reserved, and the plaintiffs except.

The defendant recognizes that the crucial question in the case is whether, as the defendant approached and drove through the space between the parked truck and the easterly curb, she had sufficient opportunity to become aware of the boy's presence in the street so that she ought

to have avoided striking him. This is the only question argued by the defendant.

There was evidence from which the jury could have concluded that the boy came out suddenly from the side of the truck into the path of the defendant and that she was not negligent in hitting him. But there was also evidence coming principally from the boy plaintiff himself which the jury could believe and from which we think a rational inference could be drawn that the defendant had time to stop her automobile and was negligent in not doing so. The boy testified that when he got out of the truck and was in the street he looked and "saw a car [which could be found to have been that of the defendant] approaching"; that he saw this "car" as he started to cross from the truck; that he "got out of the truck and looked up there and there was the car coming and he thought he had plenty of time to go across"; and that the automobile was then "up at the end of the First National Store." This last statement, if correct, would, according to photographs in evidence, appear to place the defendant's automobile in a position at a distance equal to more than twice the width of the street from the boy plaintiff just before he started to cross. But even if the jury thought this testimony inaccurate there was other evidence for their consideration. The boy testified to the effect that he crossed the street on a diagonal course bearing away from the direction from which the defendant was approaching. The boy demonstrated in the court room the distance he walked after he got out of the truck and before he was hit. Counsel agreed that the distance he walked in the court room was about fifteen feet. He gave other testimony somewhat at variance with the foregoing, but there was nothing to prevent the jury from believing the testimony hereinbefore stated. The defendant testified among other things that when she was at a point estimated by her at different stages of her testimony to have been seventy-five feet and to have been from twenty-five to forty feet from the place where the truck was parked, she stopped or practically stopped to allow a bakery truck to come through

between the parked truck and the sidewalk; that when it passed she started up again; that her speed thereafter in approaching and passing the parked truck at no time exceeded five to ten miles an hour; that she got as close to the right curbing as she could — not more than ten inches from it; that she did not see the boy until she hit him, although she had a clear view of the open area that she had to go through; and that when she saw the boy she stopped her automobile "instantaneously," "did not travel more than two or three feet," and "probably did not go more than three to four feet" before stopping. Her testimony also was conflicting in several respects.

On this evidence, if the jury accepted the boy's testimony that he walked fifteen feet from the truck before being struck, and if they accepted the evidence that the truck was parked at the acute angle hereinbefore described, they could find that the boy was visible to the defendant almost from the moment he left the truck, and that while he was walking the fifteen feet, the defendant, even if proceeding at the rate to which she testified, was nevertheless travelling at a speed roughly two to three times as fast as that of an ordinary walk and therefore that she covered a distance of from two to three times fifteen feet with the boy in sight nearly all the time, although she could stop in four feet or less. We think that if the jury made these findings they could find the defendant negligent.

We are of course well aware that the facts may have been vastly different from those which we have said the jury could find, but it was for the jury to determine what fragments of the evidence they would believe and from those fragments to reconstruct the occurrence for themselves.

We are unable to see that the defendant's contention is materially assisted by a special finding of the jury that the boy plaintiff was struck by "the left front end" of the defendant's automobile. Whether he was struck by the left front end or the right front end, the jury could still find that he walked almost fifteen feet diagonally across the street in plain sight before he was hit. The precise point in the defendant's path to which fifteen feet would

bring the boy depends largely upon the angle at which he crossed the street.

The defendant relies upon *Lovett* v. *Scott*, 232 Mass. 541, *Rizzittelli* v. *Vestine*, 246 Mass. 391, *Foley* v. *Osgood*, 293 Mass. 280, *McGrimley* v. *Jameson*, 297 Mass. 280, *Conte* v. *Mizzoni*, 298 Mass. 463, *Lynch* v. *Krancer*, 302 Mass. 593, and *Abrahams* v. *Rice*, 306 Mass. 24. But all of these were cases in which there was no evidence that the defendant could see the plaintiff in time to stop. In the case at bar we think that there was such evidence. *Faircloth* v. *Framingham Waste Material Co.* 286 Mass. 320, 323–326. *Perricotti* v. *Andelman*, 298 Mass. 461. *Mroczek* v. *Craig*, 312 Mass. 236. *Boni* v. *Goldstein*, 276 Mass. 372. *DeFuria* v. *Mooney*, 280 Mass. 447. *Carbonneau* v. *Cavanaugh*, 290 Mass. 139.

The exceptions are sustained. The verdicts entered by the judge on leave reserved are set aside. The verdicts of the jury are to stand, subject, however, to the action of the judge upon any motion for new trial duly filed by the defendant within the required time after the original verdict. *Mitsakos* v. *Morrill*, 237 Mass. 29, 33. *Beauvais* v. *Springfield Institution for Savings*, 303 Mass. 136, 148. *McGonigle, petitioner, ante*, 2.2.

*So ordered.*