LAURENCE A. ROSE, JUNIOR, & another, *vs.* ANTONE A. SILVEIRA.

Bristol.     October 22, 1945. — November 27, 1945.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Negligence,* Motor vehicle.

A finding of negligence on the part of the operator of an automobile which struck a small child near a parked vehicle on a city street was not warranted where the evidence did not show that the operator was driving at an unreasonable speed, or that he saw or should have seen the child for more than an instant before the accident, or that he failed to act as a reasonably prudent person in trying to avert the accident.

TORT, originally by Laurence A. Rose, Junior. Writ in the Third District Court of Bristol dated October 19, 1942.

Upon removal to the Superior Court the action was tried before *Forte,* J. Dorothy Phillips, mother of Laurence A. Rose, Junior, was admitted as a plaintiff.

*M. A. Goldberg,* for the plaintiffs.

*T. F. O'Brien,* for the defendant, submitted a brief.

WILKINS, J. The minor plaintiff, through his mother as next friend, brings an action of tort in one count for injuries caused when struck by the defendant's automobile. There is a separate count by the mother for medical expenses. G. L. (Ter. Ed.) c. 231, § 6A, inserted by St. 1939, c. 372, § 1. The jury found for the plaintiffs. The judge under leave reserved allowed a motion to enter a verdict for the defendant on each count, and the plaintiffs excepted.

On April 24, 1942, about 9:15 A.M. the defendant was operating his automobile southerly on Pleasant Street, New Bedford, which was twenty-four feet wide. The minor plaintiff (hereinafter called the plaintiff), aged four years and four and one half months, was picked up four or five feet south of an automobile parked at the west curb. The defendant testified that his speed was eleven miles an hour; that when the plaintiff was hit, he stopped; that the plaintiff was hit by the right side of the front bumper; that "just about abreast" of the parked automobile his automobile swerved suddenly to the left, facing southeasterly "about five feet from the east curb"; and that the plaintiff, when picked up, was about five to seven feet from the west curb, toward which he was creeping. The defendant's testimony was in conflict as to what he saw before the plaintiff was struck. He testified that he saw children on the sidewalk, but none in the street; that the plaintiff "came out from in front of a parked car" at the west curb; that the defendant "was travelling three to four feet east of the parked car"; that the plaintiff jumped out, ran out, walked out; that he did not see the plaintiff "come out from in front of a parked car"; and that the first time that he saw the plaintiff was when the right side of the bumper hit him. One Pidgeon testified that he was following "about to the right of the center of the road" twelve to fifteen feet behind the defendant; that he was paying attention to the road ahead to the right; that he saw the parked automobile at the west curb; and that he saw the plaintiff creeping toward the west curb when he went to pick him up. The plaintiff's mother testified that he told her that he was running across the street chasing a rat when hit. He had been

out of his house "only a moment or two before the accident happened."

The action of the judge was right. It could not have been found that the defendant saw, or in the exercise of proper care could have seen, the plaintiff, if at all, for more than an instant before the accident. *Lynch* v. *Krancer*, 302 Mass. 593, 595, and cases cited. There was nothing to warrant a finding that the defendant was proceeding at an unreasonable speed or that he failed to act as a reasonably prudent person in trying to avert the accident. *Abrahams* v. *Rice*, 306 Mass. 24. We cannot accept the contention that the jury could have found that the plaintiff was "already in the street" or came from the east curb.

*Exceptions overruled.*