ROBERT CLOUATRE & another vs. ALBERT LEES.

Worcester.   September 23, 1947. — October 31, 1947.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Negligence*, Motor vehicle, Contributory, Bicycle, Use of way.

Findings of negligence on the part of the operator of an automobile, and
   of due care on the part of a boy riding a bicycle were warranted by
   evidence of the circumstances in which the operator, approaching, on
   a down grade of a public way, without sounding a horn, at a speed of
   at least twenty-five miles per hour, an intersection on his right with
   a driveway which he knew would probably be used by children, struck
   the rear of the bicycle after it had entered the public way from the
   driveway.

TORT.   Writ in the Central District Court of Worcester
dated May 25, 1943.

On removal to the Superior Court, the case was tried
before *Leary*, J.

*S. B. Milton*, (*R. C. Milton* with him,) for the defendant.

*W. J. Griffin*, (*D. P. Callahan, Jr.*, with him,) for the
plaintiffs.

LUMMUS, J.   This is an action of tort brought by a minor
(hereinafter called the plaintiff) by his next friend, for per-
sonal injuries, with a count under G. L. (Ter. Ed.) c. 231,
§ 6A (St. 1939, c. 372, § 1), in which his father claims con-
sequential damages.   *Mroczek* v. *Craig*, 312 Mass. 236.
*McGovern* v. *Thomas*, 317 Mass. 740.   There was a verdict
for each plaintiff.   The case comes here on exceptions of the
defendant to the refusal of the judge to direct verdicts in
his favor.

The evidence warranted a finding of the following facts.
The plaintiff, a boy of sixteen years, about noon on June 1,
1942, a pleasant day, was riding a bicycle near the corner of
Pinehurst Street and Oxford Street in Auburn, where there is
a store and a gasoline filling station.   He rode upgrade from
Pinehurst Street through a short driveway between the
store and the pumps into Oxford Street, and then heard the

screeching of the brakes of the defendant's automobile, which was coming downgrade on Oxford Street from the plaintiff's left. The automobile hit the rear end of the plaintiff's bicycle, throwing him off into the street and injuring him.

There was a school in the neighborhood, on Oxford Street, as the defendant knew. He knew that children would probably be coming through the driveway into Oxford Street, just as the plaintiff did come, but he sounded no horn. The defendant was in a hurry to get home, and was driving at a speed of about twenty-five or thirty miles an hour. He testified that if he were going twenty miles an hour he could stop his automobile in its length, which was fifteen feet. He testified that the plaintiff was only fifteen feet in front of the automobile when first seen. But marks on the road made by the application of the defendant's brakes were about fifty feet long, and from these the jury could have found that the plaintiff was first seen at a greater distance. When hit, the plaintiff was seven or eight feet into Oxford Street, on the surfaced part of the street, riding at about five miles an hour. There was no traffic on Oxford Street to obstruct the defendant's view or to impede his action. After the accident, the defendant asked the father of the plaintiff not to employ a lawyer, and said that "everything would be taken care of."

We think there was evidence for the jury of the defendant's negligence. The expected presence of school children required a high degree of care. A jury could find negligence in driving even at a speed of twenty-five to thirty miles an hour, without giving any signal, where a boy was likely to come in sight from the driveway just as the plaintiff did. *Tripp* v. *Taft*, 219 Mass. 81, 84. *Davicki* v. *Flanagan*, 250 Mass. 379, 381. *Gaulin* v. *Yagoobian*, 261 Mass. 145. The present case is distinguishable from those in which the person injured suddenly and unexpectedly came out from behind something that obstructed the view, into the path of an approaching vehicle, as in *Rizzittelli* v. *Vestine*, 246 Mass. 391, *Mroczek* v. *Craig*, 312 Mass. 236, and *Dunsmoor* v. *Cowdrey*, 316 Mass. 516.

With the burden of proof on the defendant by virtue of

G. L. (Ter. Ed.) c. 231, § 85, it could not be ruled as matter of law that the plaintiff was guilty of contributory negligence. He was entitled to take into account the probability that motorists would regard the presence of the school and the likelihood that school children would be encountered. *Pond v. Somes,* 302 Mass. 587, 591. *Sooserian v. Clark,* 287 Mass. 65, 68. *Sadak v. Tucker,* 310 Mass. 153, 158. *Mroczek v. Craig,* 312 Mass. 236, 238. *Levin v. Twin Tanners, Inc.* 318 Mass. 13, 17.

It is true that the father of the plaintiff, under his count for consequential damages, was not entitled, as was the plaintiff himself, to the benefit of G. L. (Ter. Ed.) c. 231, § 85, casting the burden of proof of contributory negligence upon the defendant. The father was required to prove that the plaintiff was in the exercise of due care when his injuries were sustained. *Thibeault v. Poole,* 283 Mass. 480, 487. *Holden v. Bloom,* 314 Mass. 309, 315. *Hinckley v. Capital Motor Transportation Co. Inc., ante,* 174, 178. That remains true notwithstanding St. 1947, c. 386, amending said § 85, because the verdicts in the present action were rendered not only before that statute took effect but also before it was enacted. But though the burden was on the father to prove the due care of the plaintiff, we think the circumstances already recited made the question one for the jury.

*Exceptions overruled.*