ERMINIO MAZZAFERRO, administrator, *vs.* ALBERT J. DUPUIS
(and a companion case [1]).

Worcester.  September 22, 1947. — November 4, 1947.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Negligence*, Motor vehicle, Contributory, Use of way.

Evidence of the circumstances in which a boy, crossing a street after
having been required to leave the rear of an ice truck, was struck by
an open ventilator projecting five inches beyond the left side of a
motor bus approaching from his right, warranted a finding of negligence
on the part of the operator of the bus, and did not require a ruling
that the boy was guilty of contributory negligence.

TWO ACTIONS OF TORT.  Writs in the Superior Court dated
May 16, 1944.

The cases were tried together before *Good*, J.

*H. C. Walsh*, for the defendants.

*J. J. Philbin*, for the plaintiff.

RONAN, J.  The plaintiff's intestate, a boy ten years old,
was riding with a companion, on the early afternoon of
Labor Day, 1943, on the rear of an ice truck which was
travelling in a southerly direction along Lancaster Street in
Leominster.  When the truck had almost reached the inter-
section of Florence Street, which joined Lancaster Street
on the east, the operator discovered their presence, stopped
the truck and ordered them to leave.  One boy went to the
westerly sidewalk, but the intestate, while crossing to the
easterly side of the street, was struck by an open ventilator
projecting five inches beyond the left side of a bus which
was proceeding in a northerly direction on Lancaster Street
and which was owned by the corporate defendant and
operated by the individual defendant.  The weather was
clear and the road was dry.  The accident occurred in a
thickly settled district.  The jury returned a verdict for the

[1] The companion case is by the same plaintiff against Lovell Bus Lines,
Inc.

plaintiff on the count for death in each action. The defendants excepted to the denial of their motions for directed verdicts.

There was ample evidence from the operator of the bus and from many parts of the testimony of the witnesses called by the plaintiff which, if believed by the jury, would justify a finding that the intestate darted out from the rear of the ice truck directly into the path of the oncoming bus, which was then so near to him that the accident was inevitable. If this evidence stood alone, the defendants were entitled to prevail. *Lynch* v. *Krancer,* 302 Mass. 593. *Abrahams* v. *Rice,* 306 Mass. 24. *Zarrillo* v. *Murphy,* 311 Mass. 493. *Dunsmoor* v. *Cowdrey,* 316 Mass. 516. *Rose* v. *Silveira,* 318 Mass. 709.

In determining the correctness of a ruling denying a motion for a directed verdict for a defendant, in the absence of evidence binding upon the plaintiff and requiring a verdict adverse to him, we need consider only evidence favorable to the plaintiff from whatever witnesses it came, even if it was more favorable to the plaintiff than his own testimony; and there is no error in such a ruling if there can be found anywhere in the entire evidence any set of circumstances that will support a reasonable inference in favor of the plaintiff. *Kelly* v. *Railway Express Agency, Inc.* 315 Mass. 301, 302. *Champlin* v. *Jackson,* 317 Mass. 461, 463.

We summarize the facts which the jury could find from the evidence. The intestate left the ice truck when it stopped on the westerly side of Lancaster Street, nearly opposite its intersection with Florence Street, and "sort of jogged or took it easy" as he travelled about twenty or twenty-five feet on his way to the easterly side of the street, and then stopped and looked at the bus, which continued toward him and struck him. The roadbed of Lancaster Street was forty-one feet wide. There was no other traffic in the vicinity at the time of the accident. The operator of the bus had a clear view of the locus for three hundred feet as he approached. There was evidence that, immediately after the intestate jumped off the ice truck, the bus was from one hundred forty to one hundred fifty feet away.

The bus approached in a straight course on its right side of the street at a uniform speed of about thirty miles an hour up to the time of the accident. It was for the jury to say whether the operator was proceeding at an unreasonable speed; whether he should have seen the intestate in season to have avoided the accident by checking the speed of the bus or stopping it or turning slightly to his right in order to have the ventilator, which projected only a few inches beyond the left side of the bus, clear the intestate; and whether his failure to take any measures to avert the collision with the intestate was negligent. *Faircloth* v. *Framingham Waste Material Co.* 286 Mass. 320. *Campbell* v. *Cairns,* 302 Mass. 584. *Mroczek* v. *Craig,* 312 Mass. 236. *Connell* v. *Kelleher,* 317 Mass. 413. *McGovern* v. *Thomas,* 317 Mass. 740.

It could not be ruled that the intestate was guilty of contributory negligence. G. L. (Ter. Ed.) c. 231, § 85. We do not know whether he saw the bus as he was crossing the street at any time immediately prior to the time he stopped. So far as appears, he might have observed the bus soon after he left the ice truck and reasonably but mistakenly thought that he could cross safely in front of it, or he might have misjudged the speed of the bus and not have realized that he could not do so until after he had crossed the center of the street. He could to some extent rely upon the expectation that the operator of the bus would exercise due care toward pedestrians. An inference of contributory negligence was not required by the evidence. The instant cases are governed in principle by what was said in *Pond* v. *Somes,* 302 Mass. 587, 591, 592, and *Campbell* v. *Ashler,* 320 Mass. 475, 478, 479.

*Exceptions overruled.*