HAROLD F. CARLSON & another *vs.* ABRAHAM PALLEY.

Worcester. September 25, 1950. — November 9, 1950.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Negligence*, Motor vehicle, Contributory.

Evidence of the circumstances in which an automobile, travelling in the daytime on a city street where a truck was parked on the right side extending "straight out" almost to the middle, struck a thirteen year old boy who had come out of an alleyway located on the right side of the street beyond the truck and had proceeded across the sidewalk and into the street to a point just in front of the truck, warranted a finding of negligence on the part of the operator of the automobile and did not require a ruling that there was contributory negligence on the part of the boy.

TORT. Writ in the Superior Court dated August 14, 1946. The action was tried before *Forte*, J.

*B. C. Tashjian*, for the defendant.

*C. M. Burwick*, for the plaintiffs, submitted a brief.

COUNIHAN, J. In this action of tort a minor, aged thirteen when injured, hereinafter called the plaintiff, obtained a verdict for injuries sustained by him when struck by an automobile owned by the defendant and operated by his agent. The plaintiff's mother in the same action obtained a verdict for consequential damages. G. L. (Ter. Ed.) c. 231, § 6A, as inserted by St. 1939, c. 372, § 1. The action comes here on the defendant's exceptions to the denial of motions for directed verdicts.

The evidence most favorable to the plaintiff was in substance this: The accident happened in daylight on May 3, 1946, at about 5 P.M. on Gardner Street in Worcester. This street runs east and west and is approximately thirty-three feet wide at the point where the accident happened. An alleyway runs off the north side of Gardner Street. At the time of the accident a truck about fifteen feet long was

parked near the northeast corner of the street and the alleyway, with its rear end over the sidewalk and its front end extending "straight out" almost to the middle of the street. The plaintiff with other boys was playing baseball in the alleyway. While attempting to retrieve a ball hit into Gardner Street he was struck by the automobile, which was travelling westerly. The plaintiff ran down the alley to the sidewalk and then slowed to a walk, walked across the sidewalk and into the road. When he was a step or two beyond the front of the truck he stopped and looked to his left. He was standing in the road for "about two seconds" when he was struck by the automobile and thrown "about thirty feet." The automobile was travelling "about thirty-five miles per hour," and a screech of brakes was heard after the contact but not before. There were no other moving vehicles on the street at the time of the accident but there were automobiles parked on both sides of the street. The operator of the automobile told one witness that he did not see the boy until after he hit him and another that when he first noticed the boy he was only about three feet from the front of the automobile. The operator testified that he had no knowledge as to how far the boy was from the front of the parked truck when he first saw him. The plaintiff because of the injuries he received was unable to say how the accident happened.

It is axiomatic that, since this action is here upon the defendant's exceptions to the denial of motions for directed verdicts, we must consider the evidence in the light most favorable to the plaintiff. Clearly if there can be found anywhere in the evidence any set of circumstances to support a reasonable inference in favor of the plaintiff's cause, the verdicts must stand. *Mazzaferro* v. *Dupuis*, 321 Mass. 718. *Phillips* v. *Larson*, 323 Mass. 87, 90. Here there was evidence from which the jury could reasonably find that the defendant's operator was negligent. The speed of the automobile on a crowded street, which could be found to be greater than was reasonable and proper in all the circumstances, G. L. (Ter. Ed.) c. 90, § 17, as amended, and

the failure of the operator to slow down upon approaching the boy, who was a pedestrian, G. L. (Ter. Ed.) c. 90, § 14, as amended, are violations from which negligence may be inferred. Considering also the screeching of brakes after the boy was struck and not before, the impact which threw the boy thirty feet, and the failure of the operator to observe the position of the boy on the street, the jury could infer that the operator was negligent in failing to avoid striking the boy, who had been standing in front of the truck for "about two seconds." The jury could likewise find that if the operator had been travelling at a reasonable rate of speed and had been alert, he should have observed the boy in time to stop his automobile or to swing to the left and thus avoid the accident. *Mroczek* v. *Craig,* 312 Mass. 236. *McGovern* v. *Thomas,* 317 Mass. 740. *Mazzaferro* v. *Dupuis,* 321 Mass. 718. *Bartley* v. *Almeida,* 322 Mass. 104.

The admissions by the operator on one occasion that he did not see the boy until after he struck him and on another that he did not see him until he was about three feet away, while not conclusive, have a definite probative force, which combined with other evidence warranted a finding of negligence.

There was likewise no error in submitting the action to the jury on the question of contributory negligence of the plaintiff. This was an affirmative defence with the burden on the defendant to prove it. G. L. (Ter. Ed.) c. 231, § 85, as appearing in St. 1947, c. 386, § 1.

It has been repeatedly held that it seldom can be ruled that the burden of proof resting on oral testimony has been sustained, and where, as here, there was conflicting evidence, the issue of contributory negligence was for the jury. *Zawacki* v. *Finn,* 307 Mass. 86, 88.

In the instant case the jury could find that, although the plaintiff ran down the alley to retrieve the ball, he slowed down when he reached the sidewalk, walked into the street, and stopped when he was a step or two beyond the front of the parked truck. He was standing still when struck and

had been standing there for "about two seconds," after having looked to his left. We cannot say as matter of law that he did not exercise the care of a boy of his age in all the circumstances. The facts here are similar to those in *Mroczek* v. *Craig*, 312 Mass. 236, and *McGovern* v. *Thomas*, 317 Mass. 740.

The facts here are distinguishable from those in *Sullivan* v. *Chadwick*, 236 Mass. 130, and *Woodward* v. *City*, 322 Mass. 197, and other cases relied upon by the defendant, where the plaintiff unquestionably went into the path of an obvious danger voluntarily.

*Exceptions overruled.*