EDGAR HELIE *vs.* NATHAN E. GOLDSTEIN.

Hampden. September 24, 1958. — October 31, 1958.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Negligence,* Motor vehicle. *Evidence,* Matter of conjecture.

Evidence respecting an accident in which a pedestrian was in collision with an automobile while he was crossing a street at an intersection left it a matter of conjecture as to how the accident happened and did not warrant a finding of negligence on the part of the operator of the automobile.

TORT. Writ in the District Court of Springfield dated August 18, 1955.

Upon removal to the Superior Court, the action was tried before *Goewey*, J., a District Court judge sitting under statutory authority.

*John D. Ross*, for the defendant, submitted a brief.

*Joseph E. Kerigan*, for the plaintiff.

WILKINS, C.J.  The defendant in this motor tort case excepted to the denial of his motion for a directed verdict. On the morning of November 2, 1954, the plaintiff, who was a pedestrian on the way to work, arrived at the corner of Belmont Avenue and Oakland Street, Springfield, where he waited two to three minutes for a police officer to give him a signal to cross.  His own testimony was that upon getting the signal he started to cross Belmont Avenue, and "after he had traveled a distance of approximately nine feet from the curbing of the street he was hit by the center of the bumper of the defendant's car and he then fell to the ground injuring his left knee."  The plaintiff further testified that he did not see the defendant's automobile at any time before the accident; that "there were no obstructions to his view to prevent his seeing the defendant's car before it hit him"; and that he "did not know that it was a car that hit him until after he was hit."

The proprietor of a variety store at the corner, called as a witness by the plaintiff, testified that he "saw the plaintiff hit by the front bumper and front of the fender of the defendant's car"; that "when his body hit the ground, the defendant's automobile stopped"; that the plaintiff's body was on the ground six inches or a foot in front of the automobile; that "he was hit on his left hand side and keeled over"; and that the police officer had stopped the traffic for school children proceeding in the same direction as the plaintiff.

The foregoing is the evidence taken most favorably to the plaintiff.  The proprietor of the store also testified that the "first time he saw the defendant's vehicle it was at a dead stop, that was when the plaintiff was falling"; and that he "did not know whether the plaintiff ran into the car, or the car ran into the man, because he never saw the defendant's vehicle in motion."  The defendant and the police officer,

whose version the jury did not have to accept, testified in substance that the plaintiff stumbled into the defendant's automobile, which was at a full stop after having just started up pursuant to the officer's direction to make a right turn.

The failure to direct a verdict for the defendant was error. There was no evidence from which the defendant's negligence could be inferred. The only testimony of the speed of the automobile at any time was one to two miles an hour, as given by the defendant. This could be disbelieved, but there would be no basis for another finding. The plaintiff's evidence does no more than state some of the details of his accident. How it happened is left to conjecture by his evidence, which does not permit an inference that there was any act or omission to act by the defendant which was causally related to the plaintiff's injuries. So far as appears, the automobile was stopped as soon as possible after the defendant could see the plaintiff in its path. *Nager* v. *Reid,* 240 Mass. 211, 214. *Rizzittelli* v. *Vestine,* 246 Mass. 391, 392. *Whalen* v. *Mutrie,* 247 Mass. 316, 318. *McGrimley* v. *Jameson,* 297 Mass. 280, 281–282. *Luvera* v. *DeCaro,* 317 Mass. 222, 223–224. *Rose* v. *Silveira,* 318 Mass. 709, 711. *Cleary* v. *St. George,* 335 Mass. 245, 249.

*Exceptions sustained.*
*Judgment for the defendant.*