GERTRUDE E. RUSSELL *vs.* CENTRAL PACKAGE STORE, INC. & another. April 30, 1971. The plaintiff sustained personal injuries when an automobile owned and driven by her and a truck owned by the corporate defendant and driven by the individual defendant, acting in the scope of his employment by the corporation, collided at an intersection of public ways in Agawam. The case is here on the defendants' exceptions to the denial of a motion for directed verdicts in their favor. "[T]here is no error in such a ruling if there can be found anywhere in the entire evidence any set of circumstances that will support a reasonable inference in favor of the plaintiff." *Mazzaferro* v. *Dupuis,* 321 Mass. 718, 719. The evidence consisted of ten photographs of the scene of the accident and ten of the two damaged vehicles, hospital records and bills relating to the plaintiff's injuries, the testimony of the plaintiff, and testimony of two police officers who arrived at the scene immediately after the accident had occurred. The plaintiff testified to the happening of the accident, and the police described their observations and measurements made at the scene, the location and condition of the two damaged vehicles, and the location of debris on the pavement indicating the place where the vehicles had collided. The evidence permitted the jury to find that the plaintiff had entered the intersection first and therefore had the right of way (G. L. c. 89, § 8); that the location of the debris from the impact indicated that when the two vehicles collided, the plaintiff had crossed about two-thirds of the intersection and the defendant, entering from the plaintiff's right, had crossed about one-fourth of the intersection; that when the vehicles collided they became locked together; that the plaintiff's car was pulled to its left and stopped twenty feet away but within the intersection, whereas the defendants' truck continued generally in its original direction to a point about fifteen feet beyond the intersection where it turned on its side and stopped; and that the principal damage to the car was at its front end, and the principal damage to the truck was at its left front corner and along its left side. The defendant driver did not testify. Upon all of the evidence, the jury were warranted in finding that the accident which resulted in injuries to the plaintiff was caused by the negligence of the individual defendant

in his operation of the truck of the corporate defendant. The defendants' motion for directed verdicts was properly denied.

*Exceptions overruled.*

*Thomas J. Donoghue* for the defendants.
*John H. Madden, Jr.*, for the plaintiff.