GERALDINE ABRAHAMS *vs.* ALICE S. RICE.

Middlesex.    May 8, 1940. — May 9, 1940.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Negligence,* Motor vehicle, Use of way.

Evidence, merely that a young school girl, after she had alighted from and passed in front of a motor bus to cross the street, was struck by the right hand front headlight of an automobile which, at the rate of five miles an hour, was passing the bus before it again started, did not warrant a finding of negligence of the operator of the automobile.

TORT. Writ in the Second District Court of Eastern Middlesex dated March 17, 1939.

Upon a report by *Duane,* J., a finding for the plaintiff in the sum of $200 was set aside by the Appellate Division for the Northern District, and judgment was ordered for the defendant. The plaintiff appealed.

The case was submitted on briefs.

*J. C. Collins,* for the plaintiff.

*H. E. Cryan & J. A. Bradley,* for the defendant.

RONAN, J. The plaintiff, a school girl nearly eight years of age, left an automobile bus by its right hand door when it stopped on High Street, Waltham, at about six o'clock on the afternoon of December 12, 1938. She looked in both directions along the highway and then ran in front of the bus, and about two feet from it, on her way across this thirty-five foot street, not seeing, until just before she was struck, the defendant's automobile, which was approaching at the speed of five miles an hour in the same direction as the bus and from three to six feet to the left of it. She had stopped running before she was struck by the right hand front headlight of the defendant's automobile, which stopped with its rear about even with the front of the bus.

The mere happening of the accident was not evidence that any negligence of the defendant had a causal relation to its occurrence. Liability rests solely upon negligence and the

absence of the latter makes impossible the existence of the former. There was no evidence that the speed at which the defendant was operating her automobile was unreasonable or improper, or that, in passing the bus, which did not start until after the accident, the defendant was guilty of any breach of duty that she owed the plaintiff. We are unable to find any evidence that would warrant a finding that the defendant could see the plaintiff for more than an instant before the accident or that, after her presence in the street was discovered, the defendant failed to act as a reasonably prudent person in attempting to avert the accident. The ruling that the evidence did not warrant a finding that the defendant was negligent should have been given by the trial judge. *Lovett* v. *Scott,* 232 Mass. 541. *Rizzittelli* v. *Vestine,* 246 Mass. 391. *McGrimley* v. *Jameson,* 297 Mass. 280. *Conte* v. *Mizzoni,* 298 Mass. 463. *Lynch* v. *Krancer,* 302 Mass. 593.

The Appellate Division rightly ordered the finding for the plaintiff vacated and judgment for the defendant entered. That order must be affirmed.

*So ordered.*