ALMACS, INC.

v.

**Ann Marie PORRECA.**

**No. 96–412–M.P.**

Supreme Court of Rhode Island.

Nov. 26, 1997.

Earl E. Metcalf, Kevin B. Reall, Christine A. D'Orsi, Providence, for Plaintiff.

Stephen J. Dennis, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG and BOURCIER, JJ.

## OPINION

PER CURIAM.

This case came before a hearing panel of this court for oral argument October 21, 1997, pursuant to an order that directed all parties to appear in order to show cause why the issues raised should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised in this petition for certiorari should be decided at this time.

The petitioner sought review of a final decree of the Appellate Division of the Workers' Compensation Court that reduced her benefits for partial disability by 30 percent. At an earlier hearing on a show-cause calendar the court was evenly divided on this issue. Consequently a motion for reargument was filed and granted. The facts of the case insofar as pertinent to this petition for certiorari are as follows.

The petitioner, Ann Marie Porreca (employee), suffered an injury described as hyperextension injury to her left thumb on March 25, 1992. A memorandum of agreement was entered into on August 30, 1993, providing benefits for partial incapacity as of May 26, 1993, and continuing. The Appellate Division found that employee had reached maximum medical improvement as of November 30, 1993. Thereafter, in February 1994, her benefits were reduced pursuant to a pretrial order. Subsequent to the order in May 1994, employee returned to work to a light-duty job for the same employer, Almacs, Inc.

The Appellate Division identified the issue as the interpretation of the effect of G.L.1956 § 28–33–18(b) in a situation wherein an employee has reached maximum medical improvement and subsequently returns to work in some capacity. This statute as amended by P.L.1990, ch. 332, art. IV, § 28, reads as follows:

"For all injuries occurring on or after September 1, 1990, where an employee's condition has reached maximum medical improvement and the incapacity for work resulting from the injury is partial, while the incapacity for work resulting from the injury is partial, the employer shall pay the injured employee a weekly compensation equal to seventy percent (70%) of the weekly compensation rate as set forth in section 28–33–18(a) above. Provided, however, that if the employee proves that he or she has attempted in good faith to obtain employment suitable to his or her

limitations and has been unsuccessful, then partial incapacity benefits shall not be reduced. Provisions of this subsection are subject to the provisions of section 28–33–18.2."

It is undisputed that employee's wages for her part-time employment for a twenty-hour workweek, together with her partial-disability payment's having been reduced by 30 percent was in total less than she would have received in partial disability if she had attempted in good faith to obtain employment suitable to her limitations but failed.

The Appellate Division majority determined that the language of the statute was clear and unambiguous and therefore the 30 percent reduction in partial disability ordained by the trial judge was necessarily affirmed in accordance with the statute. In this instance the majority consisted of two judges of the Appellate Division, one of whom concurred in a separate opinion. The third member of the panel dissented on the ground that this interpretation of the statute reached an unreasonable result in that it penalized employee for her success in obtaining part-time employment that together with her reduced compensation benefit would provide her with a lesser income than she would have received had she failed to find employment at all. The dissenting judge cited *Brennan v. Kirby*, 529 A.2d 633 (R.I.1987), for the proposition that it was incumbent upon the court, "in interpreting a legislative enactment to determine and to effectuate the Legislature's intent and to attribute to the enactment the meaning most consistent with its policies or obvious purposes." *Id.* at 637 (*citing Gryguc v. Bendick*, 510 A.2d 937, 939 (R.I.1986)). She also suggested that no statute should be so construed as to result in the defeat of the underlying purpose of the enactment. *City of Warwick v. Aptt*, 497 A.2d 721, 724 (R.I.1985). We are persuaded by the analysis of the dissenting judge and con-

clude that the purpose of this act was to create an incentive for partially disabled employees to return to work rather than to penalize an employee who is successful in her efforts to find modified work but is earning less than her pre-injury wages. In the case at bar employee is penalized by having her weekly benefit reduced to 70 percent of the regular compensation rate. The dissenting judge suggested that to penalize injured workers who do find work would act as a disincentive to such workers. We concur in her belief that the Legislature did not intend such a result.

This factual situation presents what we believe to be an unintended consequence of the statutory purpose. This unintended consequence is not in accordance with the policies and purposes that motivated the passage of this statute. We believe that the Legislature did not intend to penalize an employee who has sought employment successfully but is then compensated at a rate significantly lower than he or she received before his or her to return to work.

Therefore, we grant the petition for certiorari, quash the final decree of the Appellate Division and remand the papers of the case to the Workers' Compensation Court with our decision endorsed thereon and with direction to rescind the 30 percent reduction in the employee's compensation benefits during the period of her part-time employment with her former employer.[1]

FLANDERS and GOLDBERG, JJ., did not participate.

---

**1.** General Laws 1956 § 28–33–18(b) was amended by P.L.1992, ch. 31, § 5. Our opinion does not purport to construe the provisions of the amended version of this statute. Both parties agree that the outcome of this case must be determined by the statute as enacted in 1990.