Neel, J.
In companion cases arising out of an automobile accident in Quebec, plaintiffs Christine Turgeon and Kok Jung Chen allege that the driver of the other vehicle, a Massachusetts resident, was negligent. Defendants move for summary judgment on the grounds that Quebec law, which bars automobile accident negligence claims, governs this action and, alternatively, that this action should be dismissed pursuant to the doctrine offorum non conveniens. For the following reasons, the motions are denied.
BACKGROUND
On December 30, 1995, a two car head-on collision occurred in St. Pierre de Veronne, Quebec, Canada, approximately four miles from the Vermont border. Amy Sara Naparstek was returning to Massachusetts after visiting friends in Quebec when her vehicle crossed over the dividing lines and into oncoming traffic. Her car hit a car cariying Kok Jung Chen and his passenger, Christine Turgeon. The accident left Amy Naparstek dead and Chen and Turgeon seriously injured.
Amy Naparstek, who worked and resided in Massachusetts, was driving an automobile registered in Massachusetts to her father, J. David Naparstek. Arnica Mutual Insurance Company of Wellesley, Massachusetts insured that vehicle.
At the time of the accident, both Chen and Turgeon lived and worked in Vermont but were Canadian citizens. Chen’s car was registered in Quebec and he possessed a Quebec driver’s license.
Chen and Turgeon were taken from the accident to a Quebec hospital for treatment. They received further treatment for accident-related injuries in Quebec and Vermont. Chen and Turgeon each applied for and received benefits from the Societe De L’Assurance Automobile du Quebec (“the Societe”) under the Quebec Automobile Insurance Act (“the Act”).
The Societe, which determined that Amy Naparstek was responsible for the accident, is subrogated to the extent of payments it distributed to Turgeon and Chen, and may maintain an action against Amy Naparstek’s estate to recover its payments.
Three principal witnesses to the accident, Turgeon, Chen, and Greg Martell, live in Vermont. Other witnesses are in Quebec (police, medical providers, and Mark Stutman), Ontario (medical providers) and Texas (a family who were passengers in Martell’s vehicle). Additional medical providers are in Vermont. Some medical records relating to the accident are written in French.
*481 Chen and Turgeon brought these two actions. Chen brought suit against J. David Naparstek (“Naparstek”) as the administrator of the estate of Amy Naparstek, and Turgeon filed an action against Chen as well as against Naparstek as administrator of the estate of Amy Naparstek and individually.
Chen and Naparstek argue that they are entitled to summary judgment in the actions against them because the law of Quebec applies and bars these actions. Alternatively, Chen and Naparstek assert that the claims against them should be dismissed under the doctrine of Jorum, non conueniens because Quebec is a more convenient forum.
DISCUSSION
I. Whether the Law of Massachusetts or Quebec Applies.
A.Summary Judgment Standard.
Summary judgment is appropriate where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). Where, as here, there are no material facts in dispute on the question of whether the substantive law of Quebec or Massachusetts governs, the choice of law issue can be resolved by summary judgment. See Reisch v. McGuigan, 745 F.Sup. 56, 58 (D.Mass. 1990).
B.The Substantive Laws of Massachusetts and Quebec.
Massachusetts recognizes a common law right of action against a negligent operator of a motor vehicle who causes personal injuries. Abrahams v. Rice, 306 Mass. 24, 25 (1940).
Quebec does not recognize such a cause of action, but limits recovery to statutory no-fault benefits available under the Act. R.S.Q., c. A-25, s. 83.57. The Act is a no-fault comprehensive insurance plan whereby Quebec residents injured in an automobile accident are compensated regardless of the place of the accident and nonresidents are compensated if injured in an automobile accident in Quebec. R.S.Q. Ch. A-25. The Societe de L’Assurance Automobile du Quebec distributes benefits for lost income, medical expenses, injury, disfigurement, permanent impairment and loss of enjoyment. Id. at Sections 5, 19, 44, 45, 51 and 73. The Act does not compensate injured parties for pain and suffering. (Robitaille Affd., para. 7.)
Subject to certain exceptions, Section 4 of the Act eliminates common law causes of action and states that “the indemnities provided for in this title are in place and stead of all rights, recourses, and rights of action by any one by reason of bodily injury caused by an automobile ...” R.S.Q. Ch. A-25, s. 4. The Societe maintains a right of subrogation against any nonresident of Quebec who causes an accident in Quebec to the extent of compensation paid out under the Act. Reisch v. McGuigan, 745 F.Sup. at 58. The purpose of the Act is to provide prompt compensation to accident victims for economic loss without regard to fault, to eliminate automobile accident negligence suits, and to provide substantial insurance premium savings to motorists. Thomas v. Hanmer, 489 N.Y.S.2d 802, 805 (1985).
C.Choice of Law.
Massachusetts follows a “functional choice-of-law approach that responds to the interests of the parties, the States involved, and the interstate system as a whole.” Bushkin Associates, Inc. v. Raytheon Co., 393 Mass. 622, 631 (1985). The court resolves conflict of laws issues by “assessing various choice-influencing considerations,” including those set forth in the Restatement (Second) of Conflict of Laws (1971) (“the Restatement") and those provided by the various commentators. Id. at 631-32.
Under Massachusetts choice of law rules, personal injury claims are governed by the law of the state where the alleged injury occurred, unless another state has a more significant relationship to the occurrence and the parties under the considerations provided in Section 6 of the Restatement. Cosme v. Whitin Machine Works, Inc., 417 Mass. 643, 646-47 (1994); Restatement s. 146. Factors under Section 6 that are relevant to the choice of the applicable rule of law include: (1) the needs of the interstate and international systems, (2) the relevant policies of the forum, (3) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (4) the protection of justified expectations, (5) the basic policies underlying the particular field of law, (6) certainty, predictability, and uniformity of result, and (7) ease in the determination and application of the law to be applied. Bushkin Assoc., Inc. v. Raytheon Co., 393 Mass. at 632, citing Restatement Section 6.
Consideration of these factors points to Massachusetts as having a more significant relationship than Quebec to the parties and issues involved in both actions. Application of Massachusetts law here does not offend the needs of the interstate and international systems. The Act allows the Societe to seek reimbursement of funds it paid to Chen and Turgeon from Naparstek, a responsible nonresident, for the accident. Any damages likely would be borne by Naparstek, a Massachusetts defendant, or his Massachusetts insurer. Thus, pursuit of these actions is in Quebec’s interest and promotes an efficient and predictable allocation of losses within the international legal system. See Reisch v. McGuigan, 745 F.Sup. at 61.
With respect to the relevant policies of the forum, “Massachusetts law clearly expresses a preference for preserving plaintiffs’ common law causes of action.” Reisch v. McGuigan, 745 F.Sup. at 61 (plaintiffs traditional right of recovery outweighs value of no-fault system in providing prompt, inexpensive compensation to accident victims). Massachusetts law also advances the basic policy underlying personal injury law. *482 See id. at 62 (“[t]he basic policy in this country is still one which allows full recovery by the victim from the tortfeasor of medical expenses, lost capacity and pain and suffering caused by the defendant’s wrongdoing”).
Applying Massachusetts law will not offend the policies and interests of Quebec. Quebec’s interest in having its law apply, as it is the place where the accident occurred, is overridden by its own interest in being reimbursed from these actions to the extent it has distributed benefits to plaintiffs. Whether Turgeon recovers in her action, or the Societe, through its subrogation rights, brings a separate action against the Administrator of the Estate of Amy Naparstek, ultimately Massachusetts insurers and rate payers will likely bear the financial burden arising out of the collision.
Simplification of the judicial task favors neither application of familiar Massachusetts law, nor application of Quebec law which would end this stage of the litigation.
Consideration of the parties’ justified expectations favors the law of neither forum. No justified expectations exist in the area of negligence where, as here, “the parties act without giving thought to the legal consequences of their conduct or to the law that may be applied.” See Restatement Section 6, comment g. Naparstek and his insurer are Massachusetts residents, and thus, subjecting them to the laws and policies here is neither surprising nor unfair.
Chen urges this court to apply Quebec law to Turgeon’s claim against him, arguing that Massachusetts has no relationship to these two nonresidents. Chen cannot expect, however, to reap the benefits of Massachusetts remedies in his action against Naparstek and avoid liability under Massachusetts law in Turgeon’s action against him, where both actions arise out of the same accident.
The court concludes that Quebec’s minimal interest in applying its law is outweighed by the needs of the international system and the interests and policies of Massachusetts. Accordingly, Massachusetts law governs both actions.
II. Forum Non Conveniens
Defendants alternatively ask this court to dismiss the claims against them pursuant to G.L.c. 223A, the doctrine of forum non conveniens.
General Laws c. 223A, s. 5 provides, “When the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just.”
The plaintiffs choice of forum should rarely be disturbed unless the balance of both private and public concerns strongly favors the defendant’s motion. Green v. Manhattanville College, 40 Mass.App.Ct. 76, 79 (1996). See also Minnis v. Peebles, 24 Mass.App.Ct. 467, 469 (1987). The balancing decision depends greatly on the specific facts of the proceeding. Green v. Manhattanville College, 40 Mass.App.Ct. at 79.
In considering these motions, the court takes into account the parties’ access to sources of proof, availability of compulsory process for unwilling witnesses, the cost of obtaining attendance of willing witnesses and the enforceability of a judgment if one is obtained. Joly v. Albert Larocque Lumber Ltd., 397 Mass. 43, 44 (1986).
Substantial justice does not require dismissal of the claims here. The parties have sufficient access to sources of proof. Although the accident occurred in Quebec and police and many medical witnesses are there, three important witnesses — Turgeon, Chen, and Martell — reside in Vermont. Other witnesses (the passengers in Martell’s vehicle) reside in Texas. The costs of bringing witnesses here from Vermont and Quebec would not be unduly burdensome, and there is likely to be no significant difference in cost between transporting witnesses from Texas to Massachusetts and transporting them to Quebec. Moreover, depositions of nonresident witnesses can be taken and used as evidence in Massachusetts. See Minnis v. Peebles, 24 Mass.App.Ct. at 471. Documents in French can be translated into English. A visit to the accident scene is not likely to be necessary, as photographs or videotapes of the area would suffice.
There will be no difficulty in enforcing a judgment against Naparstek or his insurer, as both are Massachusetts residents. Nor should Chen, who chose this forum in his action against Naparstek, be allowed a different forum in Turgeon’s action against him where both actions arose out of the same accident.
A public interest factor further militates against dismissal: because Quebec law does not recognize common law automobile negligence actions and limits compensation to a statutory cap, plaintiffs could not bring an action for the remedy they seek in Quebec. See Reach v. Pearson, 860 F.Sup. 141, 144-45 (S.D.N.Y. 1994) (court denied motion to dismiss on forum non conveniens grounds, according substantial weight to fact that Quebec bars automobile negligence actions). Where the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all, the court may conclude that dismissal would not be in the best interests of justice. Id. Although plaintiffs received benefits under Quebec’s no-fault system, the scope of relief available under Massachusetts law is greater.
The defendants, have not shown circumstances so strongly in their favor as to justify denying plaintiffs their right to bring suit in Massachusetts.
ORDER
For the foregoing reasons, Naparstek’s and Chen’s Motions for Summary Judgment are DENIED.