## Judy McKinnon v. F. H. Morgan & Co., Inc., d/b/a Center State Bicycles, Trek Bicycle Corp. and Shimano, Inc.

[750 A.2d 1026]

No. 98-236

Present: **Amestoy, C.J., Morse, Johnson and Skoglund, JJ., and Gibson, J. (Ret.),** Specially Assigned

Opinion Filed March 24, 2000

*Matthew T. Daly* of *Doremus Associates*, Burlington, for Plaintiff-Appellant.

*Susan J. Flynn* and *Joshua L. Simonds* of *Affolter Gannon & Flynn*, Burlington, for Defendant-Appellee F. H. Morgan & Co.

*Douglas D. Le Brun* of *Dinse, Knapp & McAndrew, P.C.*, Burlington, for Defendant-Appellee Trek Bicycle Corp.

*Walter E. Judge, Jr.* of *Downs Rachlin & Martin, PLLC*, Burlington, for Defendant-Appellee Shimano, Inc.

**Morse, J.** Plaintiff Judy McKinnon is a Canadian citizen who was injured near her home in Quebec when she fell off a bicycle her sister-in-law had purchased for her son in Vermont. She appeals the superior court's denial of her motion for partial summary judgment, in which she asked the court to apply Vermont law to the issues of liability and damages in her personal injury action against the retailer and manufacturers of the bicycle and its allegedly defective components. We conclude that the superior court correctly determined that Quebec law should apply under the circumstances of this case, and accordingly affirm the court's decision.

The material facts are undisputed. Plaintiff is a Canadian citizen and a resident of Quebec. In July 1992, plaintiff's sister-in-law purchased a Trek bicycle from defendant F.H. Morgan & Company, a retail store doing business as Center State Bicycles in St. Albans, Vermont. She purchased the bicycle as a gift for plaintiff's son. In June 1993, plaintiff brought the bicycle back to F.H. Morgan for a tune-up and service. On July 30, 1993, plaintiff was riding the bicycle two blocks from her home in Quebec when one of the pedals "snapped off," causing her to fall and injure her right hand. She was treated for her injuries by various doctors and physical therapists in Quebec over the following five months. In connection with the ensuing litigation, plaintiff also received treatment for her injuries in Burlington, Vermont in January 1996.

In July 1996, plaintiff filed suit in Vermont superior court, alleging negligence and breach of contract against F.H. Morgan, and negligence and strict product liability against defendant Trek Bicycle Corporation and defendant Shimano, Inc., the manufacturer of the pedal and crank shaft components. In response to the parties' cross-motions for partial summary judgment on the choice-of-law question, the superior court ruled that Quebec law would apply at trial on all counts to both liability and damages. The court then granted plaintiff's motion for permission to appeal its interlocutory ruling. On appeal, plaintiff argues that Vermont law should apply to both her contract and tort claims.

■ This Court has adopted the Restatement (Second) of Conflicts for choice-of-law questions in both tort and contract cases. See *Amiot v. Ames*, 166 Vt. 288, 292, 693 A.2d 675, 677-78 (1997) (tort cases); *Pioneer Credit Corp. v. Carden*, 127 Vt. 229, 233, 245 A.2d 891, 894 (1968) (contract cases). Plaintiff first argues that the trial court should have applied Vermont law to her breach-of-contract claim against F.H. Morgan under the considerations and guidelines contained in § 188

(concerning choice of law with respect to contract issues) and § 6 (stating general choice-of-law principles) of the Restatement. We decline to consider § 188 because, as all of the parties, including plaintiff, have conceded in their statements of undisputed facts, this is a personal injury/product liability action claiming damages for injuries allegedly caused by F.H. Morgan's negligent conduct in servicing the bicycle and/or by the manufacturers in having placed a defective product in the stream of commerce. See *Kinney v. Goodyear Tire & Rubber Co.*, 134 Vt. 571, 574-75, 367 A.2d 677, 679 (1976) (authorities are in general agreement that strict liability sounds in tort rather than in contract). Notwithstanding plaintiff's characterization of the various counts in her complaint, her personal injury action sounds in tort, and thus we will consider the Restatement's choice-of-law principles as they apply to tort cases. Cf. *Fitzgerald v. Congleton*, 155 Vt. 283, 288, 583 A.2d 595, 598 (1990) (long-followed principle in Vermont is that nature of harm done, rather than party's characterization of action, is governing factor in determining which limitations period should apply).

The general choice-of-law principle for tort cases is that the rights and liabilities of the parties are determined by the law of the state that "has the most significant relationship to the occurrence and the parties under the principles stated in § 6." See Restatement, *supra*, § 145(1). But, as we stated today in another case addressing similar issues, before applying this general principle, we must first ascertain whether a specific section of the Restatement applies to the particular action or issue in dispute. See *Martineau v. Guertin*, 170 Vt. 415, 417, 751 A.2d 776, 778 (2000).

The present case, as noted, is a personal injury action. Under § 146 of the Restatement, the "law of the state where the injury occurred determines the rights and liabilities of the parties" in an action for personal injury unless another jurisdiction has a more significant relationship to the occurrence and the parties under the general principles stated in § 6. See *Dorman v. Emerson Elec. Co.*, 23 F.3d 1354, 1359 (8th Cir. 1994) (§ 146 is devoid of language suggesting intent to exclude product liability cases from scope of its place-of-injury presumption). In short, Quebec law is presumed to apply in this case unless plaintiff demonstrates that Vermont's interests in the litigation override the place-of-injury presumption contained in § 146. See *Martineau*, 170 Vt. at 418, 751 A.2d at 779.

The following broad principles are considered in determining whether one forum's contacts are significant enough to override the presumption contained in a specific section of the Restatement:

(a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied.

Restatement, *supra*, § 6(2). The first three (or perhaps four) of these general principles carry the greatest weight in the field of tort law. See *Miller v. White*, 167 Vt. 45, 48, 702 A.2d 392, 394 (1997); *Amiot*, 166 Vt. at 293, 693 A.2d at 678. Contacts to be taken into account in applying the § 6 principles in tort cases are "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." Restatement, *supra*, § 145(2).

Plaintiff contends that Vermont law should govern the parties' dispute because (1) the retailer and the retail transaction occurred in Vermont; (2) the parties' relationship centered in Vermont, where the defective parts were bought and sold, and where the bicycle was serviced; (3) Vermont has an interest in regulating retail transactions, deterring wrongful conduct, and allowing liberal compensatory damages within its borders; and (4) Vermont's efforts at promoting tourism would be dampened by not applying Vermont law to retail transactions occurring within its borders.

Defendants counter that Quebec law should apply because (1) plaintiff is domiciled in Quebec; (2) the injury occurred in Quebec; (3) the bicycle was owned and used in Quebec; (4) plaintiff's medical treatment was rendered in Quebec, and the vast majority of her medical costs were incurred there; (5) only one of the three defendants was domiciled in Vermont; (6) plaintiff's relationship to the manufacturers of the bicycle and the allegedly defective components was not centered in Vermont; (7) the allegedly defective products were not manufactured in Vermont and are marketed in Quebec; (8) Quebec has a vital interest in compensating its citizens injured by internationally marketed products available in Canada; and (9) Vermont has an interest in preventing forum shopping.

Notwithstanding the considerations offered by plaintiff, we find no compelling reasons for applying Vermont law and overriding the

presumption that the law of the place where the injury occurred governs. See *Hickman v. Thomas C. Thompson Co.*, 592 F. Supp. 1282, 1286 (D. Colo. 1984) (state with most significant contacts in strict product liability action is place where product was used, injury occurred, and plaintiff resided). Plaintiff has failed to articulate how any of the general guidelines contained in § 6 of the Restatement dictate applying Vermont law in this case. Indeed, plaintiff fails to even compare the law of Quebec with that of Vermont as it pertains to her suit. While we may assume from her decision to sue defendants in Vermont that the law here is more likely to provide her greater compensation for her injuries than Quebec law, that fact, in and of itself, is an insufficient reason to apply Vermont law. See *In re Estate of Johnson*, 158 Vt. 557, 560, 613 A.2d 703, 705 (1992) (discouraging forum shopping is legitimate state interest).

By failing to provide a comparative statement demonstrating an actual conflict of laws, plaintiff hampers any examination of policy considerations underlying those laws. As far as we can tell, the most compelling consideration in this suit is Quebec's interest in protecting its citizens from harm allegedly caused by corporations that market their products both in the United States and Canada. See *Collins v. Trius, Inc.*, 663 A.2d 570, 573 (Me. 1995) ("Canada has demonstrated a profound interest in achieving a measure of uniformity in tort recovery among Canadian residents."); *Dorman*, 23 F.3d at 1360-61 (Canada's interest in protecting its citizens from injuries occurring in Canada and setting standards for manufacture and distribution of products within its borders is at least as significant as Missouri's interest in assuring that its corporations comply with adequate design standards; accordingly, Canadian law governs because plaintiffs failed to overcome § 146's presumption in favor of applying law of jurisdiction where injury occurred). Plaintiff fails to demonstrate that this interest is thwarted by applying Quebec law.

Plaintiff fares no better upon examination of the § 145(2) factors. The place where the injury occurred — the factor generally considered to be most significant in personal injury cases, particularly when it coincides with the place of the plaintiff's domicile — calls for the application of Quebec law. The residence or place of business of the parties is mixed, and the other two factors — the place where the wrongful conduct occurred and the place where the parties' relationship was centered — are ambiguous under the facts of this case. See *Allison v. ITE Imperial Corp.*, 928 F.2d 137, 140 (5th Cir. 1991) (suggesting that center of relationship between parties in product

liability case is place where *victim* came in contact with allegedly defective product).

Comparing the present case with our recent choice-of-law cases concerning automobile accidents further demonstrates that the place-of-injury presumption should apply here. In two of those cases, we did not apply the place-of-injury presumption because another jurisdiction plainly had significant contacts exceeding those of the jurisdiction where the accident occurred. For example, in *Miller*, 167 Vt. at 53, 702 A.2d at 397, a case involving a single-car accident in Quebec, we held that Vermont law applied because both of the parties were domiciled in Vermont, their relationship centered in Vermont, the car that they were operating was registered and insured in Vermont, and they were returning to Vermont from a brief trip across the Canadian border when the accident occurred.

The converse situation existed in *Myers v. Langlois*, 168 Vt. 432, 435, 721 A.2d 129, 131 (1998), where Quebec residents were involved in an accident during a short day-trip to Vermont in a car registered and insured under Quebec law. Noting that, like *Miller*, the case primarily concerned allocation of post-event losses, and that the social and economic repercussions of the accident would be felt in Quebec, we concluded that the parties' common residency and relationship in Quebec was more significant than the fact that the accident and wrongful conduct had occurred in Vermont. See *Myers*, 168 Vt. at 437, 721 A.2d at 132; *Miller*, 167 Vt. at 52, 702 A.2d at 396; see also *Priestman v. Canadian Pac. Ltd.*, 782 F. Supp. 681, 685 (D. Me. 1992) (rejecting place-of-injury presumption where injured person resided and worked in Maine, was injured in Quebec after being called to work there on emergency basis, and was hospitalized and cared for in Maine after initial hospitalization in Canada); *Collins*, 663 A.2d at 573 (rejecting place-of-injury presumption where bus driver and passengers involved in accident were all Canadian residents, bus was registered in Canada, and passengers had purchased tickets in Canada for week-long round trip between Canada and New York).

On the other hand, in *Martineau*, 170 Vt. at 421-22, 751 A.2d at 781, we applied the place-of-injury presumption because the various factors contained in § 6 and § 145(2) did not favor any particular jurisdiction to a significant degree. In *Martineau*, the residency of the parties and their relationship to each other with respect to the underlying occurrence did not plainly point to one particular forum, making it a close call as to which law should be applied. See *id.* A similar situation exists here. Accordingly, the superior court correctly

applied the Restatement's place-of-injury presumption in ruling that Quebec law would govern the parties' dispute.

*Affirmed.*