Agnes, A.J.
This case[1] arose out of a head on collision between two motor vehicles in St. Pierre de Veronne, Quebec, Canada on December 30, 1995. This location is several miles from the border of Canada and Vermont. The matter has been assigned to me for trial. The defendant Kok Jung Chen (“Chen”) maintains that governing choice of laws principles compel the conclusion that the law of Quebec Province, Canada applies to this case. The plaintiff Christine Turgeon (“Turgeon”) insists that the as a result of prior decisions by this court (Neel & McEvoy, JJ.) the applicability of Massachusetts law to the facts is the law of the case, and further, that if the question is revisited, choice of law principles compel the conclusion that Massachusetts law should be applied. The significance of this question is that if the law of Quebec is applied, the case must be dismissed because there is no common law cause of action in circumstances such as those involved in this case.[2]
I. BACKGROUND A. Procedural History
This case was filed in the Superior Court on October 31, 1996. Responsive pleadings were filed and defendant Chen cross claimed against defendant J. David Naparstek, as administrator of the estate of the late Amy Sara Naparstek (“Naparstek”) on December 24, 1996. The two cases were consolidated on.August 21, 1997. Motions for summary judgment were filed by the defendants. On January 19, 1999, the motions were denied (Neel, J.). In an accompanying memorandum of decision (paper no. 20), the court (Neel, J.) decided that Massachusetts law should be applied in both actions. Turgeon v. Naparstek, Middlesex Superior Court CA. 96-6357 & 96-6570 (Jan. 19, 1999) (Neel, J.) (9 Mass. L. Rptr. 480). On March 31, 1999, the court denied the defendant Chen’s motion for reconsideration of his motion for summary judgment (paper no. 24).
On March 8, 2001, the defendant Chen filed a “Motion for the Trial Judge To Reconsider the Motion for Summary Judgment" (paper no. 29). This was treated by the court (Fahey, J.) as a motion in limine and referred to the trial judge. It has never been acted upon. The defendant raised the issue again on December 31, 2001 by filing a “Motion to Resolve Choice of Law Issue Prior to Trial” (paper no. 35). This motion was treated by the court (McEvoy, J.) as a second motion for reconsideration of the court’s earlier denial of summary judgment and denied on January 17, 2002 (paper no. 36). A motion for reconsideration of that ruling was also denied by the court (McEvoy, J.) on January 30, 2002. Defendant Chen made an effort to secure interlocutory appellate review under G.L.c. *18 231, §118, but his petition was denied without prejudice (Brown, J.) on February 19, 2002.
B. Facts
The basic facts are not in dispute. The event which gave rise to this cause of action took place in Quebec, Canada, several miles from the Vermont border. Plain - tiffTurgeon was born in Quebec, Canadain 1953. She is a citizen of Canada, but has resided and worked in Vermont as a resident alien since 1967. The defendant Chen is a Canadian citizen who currently resides in Quebec, Canada, but at the time of the motor vehicle incident that is the subject of this case was a resident of Vermont. The automobile that was operated by the defendant Chen was registered in Quebec, and he had a Quebec driver’s license. The defendant Naparstek was a citizen of the United States who lived and worked in Massachusetts.
The incident involved a head on collision between the vehicle operated by Naparstek and the vehicle operated by Chen in which Turgeon was riding as a passenger. Naparstek’s vehicle appears to have skidded from its lane of traffic into the lane of traffic proceeding in the opposite direction and to have struck the vehicle operated by Chen head-on. She suffered fatal injuries. Chen and Turgeon suffered significant injuries and were taken to a hospital in Quebec for treatment. Both Chen and Turgeon received follow-up services in Quebec, Canada. Defendant Chen has since relocated to Canada. Both Chen and Turgeon received benefits from the Societe de l’Assurance Automobile du Quebec (“the Societe”) under the Quebec Automobile Insurance Act (“the Act"). Both Chen and Turgeon have settled their suits against Naparstek and the Societe has recovered at least a portion of the funds it paid out to them from the proceeds of their settlements with Naparstek.
II. DISCUSSION
A. Applicability of the Doctrine of Law of the Case
It is common practice in the litigation of civil and criminal cases for trial court judges to decline to review and reconsider rulings about the law or the evidence at trial made previously by other judges in the case, and to accept such decisions as “the law of the case” whether we agree with them or not. The practice is a sound one because it usually promotes the fair and efficient administration of justice. If an err or was made in such an earlier ruling, it can be corrected on appeal. However, “[t]he rule of the law of the case ... is permissive and not mandatory.” Salter v. Salter, 363 Mass. 396, 402 (1973). Trial court judges are not without the power to reconsider either their own rulings or those made by other judges, at least up to the entry of final judgment in the case, when justice so requires. Goulet v. Whitin Machine Works, Inc., 399 Mass. 547, 554 (1987). See generally Peterson v. Hopson, 306 Mass. 597, 599 (1940). The power to revise earlier rulings exists in criminal cases as well. Commonwealth v. Parker, 412 Mass. 353, 356 & n.8 (1992). Before a judge decides to exercise this discretion, counsel should be given an opportunity to be heard. Commonwealth v. Ortiz, 431 Mass. 134, 142 n.7 (2000).
Whether or not the defendant Chen’s motion in limine that was referred to the trial judge should be regarded as a motion for reconsideration of the court’s earlier denials of relief or not, there has been a change in circumstances since this court made its earlier ruling that the law of the Commonwealth of Massachusetts should apply. See Bushkin Assoc., Inc. v. Raytheon Co., 393 Mass. 622, 633 n.6 (1985); Dasha v. Adelman, 45 Mass.App.Ct. 418, 421 (1998). See generally Peterson v. Hopson, 306 Mass. 597, 599 (1940). Therefore, by proceeding to revisit the choice of law issue, this court is not in any sense reviewing any of the earlier decisions by this court.[3]
B. Determining the Choice of Law
When the choice of law question was first presented to this court, Turgeon and Chen were both suing the estate of a Massachusetts resident who was operating a motor vehicle that was registered in Massachusetts at the time and insured by Arnica Insurance of Wellesley, Massachusetts. Those actions have been settled.[4] Furthermore, as the court pointed out in its earlier ruling, the Societe, which determined that Naparstek was responsible for the accident, is subrogated to the extent of any payments it made to Turgeon and Chen and could maintain an action against the estate of the decedent to recover those payments. The Societe has since recovered at least a portion of its payout from the settlement proceeds obtained by Turgeon and Chen from Naparstek. Thus, we are left with a suit over injuries that were suffered wholly in Quebec by one Canadian citizen and resident[5] who alleges that another Canadian citizen and resident was negligent in operating his motor vehicle which was registered in Quebec. This is not the case as it appeared to this court several years ago when the defendant Chen’s motion for summary judgment was denied.
In its earlier ruling, this court correctly pointed out that ”[u]nder Massachusetts choice of law rules, personal injury claims are governed by the law of the state where the alleged injury occurred, unless another state has a more significant relationship to the occurrence and the parties under the considerations provided in section 6 of the Restatement [(Second) of Conflict of Laws (1971)].” Turgeon v. Naparstek, Middlesex Superior Court C.A. 96-6357 & 96-6570 (Jan. 19, 1999) (Neel, J.) (9 Mass. L. Rptr. 480), citing Cosme v. Whitin Machine Works, Inc., 417 Mass. 643, 646-47 (1994), and Restatement (second) of Conflict of Laws §146 (1971). At this point in the litigation, Massachusetts does not have a more significant relationship to the event than does Quebec, Canada.
There are seven considerations listed in §6 of the restatement (Second) of Conflict of Laws. See Bushkin Assoc., Inc. v. Raytheon Co., 393 Mass. 622, 632 (1985). First, the court must consider the needs of the interstate and international systems. Here, this con *19 sideration favors application of Canadian law because the litigation creates a risk of further losses by a Canadian insurance carrier (Allstate of Canada) which has an interest in controlling insurance rates in Quebec. The interest of Massachusetts ratepayers or taxpayers is not at risk in this litigation. Second, the court must consider the relevant policies of the forum. Here, while the Commonwealth of Massachusetts, like most American jurisdictions, has an automobile tort system that preserves common law causes of action for personal injury in situations such as the one involved in this case, that value will not be diminished in anyway by the application of Canadian law because both Turgeon and Chen have already employed the litigation system to achieve settlements of common law claims from the only person with any ties to the Commonwealth of Massachusetts. Fourth, the court must consider the protection of justified expectations. This factor does not have as much weight as the other factors in tort cases. See Restatement (Second) of Conflict of Laws, §145, Comment (b) (1971). Here, there is no reason to suppose that when Turgeon stepped into Chen’s automobile on the day of the accident she had an expectation that she would have a right to the benefits of Massachusetts law in a suit against another Canadian citizen. However, it is certainly reasonable to suppose that the Canadian insurer had an expectation that Quebec law would apply in a case such as this involving a suit between two persons riding in an automobile that was insured in Canada over an incident that occurred in Canada. Fifth, the court must consider the basic policies underlying the particular field of law. The policy in the United States is generally in favor of full recovery of damages including medical expenses, lost wages, and pain and suffering through the litigation process. Reisch v. McGuigan, 745 F.Sup. 56, 62 (D.Mass. 1990). The law in Quebec is different, and imposes limits on the scope of recovery by a person injured in an automobile accident. When faced with a situation such as this involving the policies of two sovereigns, neither of which can be said to be clearly superior to the other, the appropriate solution is to prefer the law of the place where the injury occurred. See Martineau v. Guertin, 170 Vt. 415, 751 A.2d 776, 778-81 (2000). See also Romani v. Cramer, Inc., 992 F.Sup. 74, 77-79 (D.Mass. 1998); Alves v. Siegel’s Broadway Auto Parts, Inc., 710 F.Sup. 864, 870-71 (D.Mass. 1986); McKinnon v. F.H. Morgan & Co., Inc., 170 Vt. 422, 750 A.2d 1026, 1028-31 (2000). Sixth, the court must consider certainty, predictability and uniformity of result. This factor also weighs less heavily in the equation in tort cases than the first three factors. Here, there is no reason to suppose that these considerations would be advanced by an application of Massachusetts law over the law of Quebec. Seventh, the court must consider the ease in the determination and application of the law to be applied. Again, there is no reason to suppose that these considerations would be advanced by an application of Massachusetts law over the law of Quebec.
The Restatement approach to choice of law issues in tort cases emphasizes the importance of the various choice-influencing considerations over a mathematical approach that simply adds up the number of contacts. See O’Connor v. O’Connor, 201 Conn. 632, 519 A.2d 13 (1986), discussing Restatement (Second) of Conflict of Laws §145(2). In the present case, it is true that the parties were all residents of Vermont or Massachusetts at the time of the accident, and that these jurisdictions recognize common law actions to recover damages for injuries received in automobile accidents in the circumstances of this case. However, in addition to the fact that the tort occurred in Canada, the fact that the automobile was registered and insured in Canada, the defendant Chen had a Quebec driver’s license, and that the parties remaining in this case are citizens of Canada (at least one of whom has returned there to live) suggest that Canada’s interests are more important than those of either Vermont or Massachusetts.
A noted commentator has observed that “(t]here is no coherent body of case law on choice of law.” R. J. Weintraub, “The Restatement Third of Conflict of Laws: An Idea Whose Time has Not Come,” 75 Indiana L.J. 679 (2000). However, an approach that is based on the consequences of the decision makes more sense than the traditional rule that simply looks to the location of the wrong. Id. at 685. This is the direction in which Massachusetts choice of law principles are pointed. The application of Massachusetts law in this case neither advances nor impedes the public policy of our state which favors an opportunity for its residents and citizens to have the full benefit of a common law cause of action for personal injury in cases such as this. However, to apply Massachusetts law in this case does retard the interests of Quebec by imposing an added risk on its ratepayers. The plaintiff has already recovered benefits under Canada’s no fault system. The plaintiff also has recovered damages, by means of a settlement, from the Massachusetts defendant and the person who was principally responsible for the collision. The Canadian system also has secured a recovery of at least a portion of the proceeds it paid to the plaintiff from the Massachusetts resident. Any additional recovery in this litigation will be paid by a Canadian insurer. One purpose of the Quebec law is to “guarantee relatively low automobile insurance rates.” Miller v. White, 167 Vt. 45, 702 A.2d 392 (1997). Thus, the consequence of applying Massachusetts law at this stage of the proceedings will be to undermine the policy of Quebec, Canada as expressed in its no-fault insurance law.
The plaintiff also maintains that considerations of fundamental fairness lead to the conclusion that she should be allowed to go forward and litigate this case on the basis of Massachusetts law because the defendant Chen reaped the benefits of Massachusetts law in his consolidated action against Naparstek. The *20 simple answer to this claim is that both the plaintiff Turgeon and the defendant Chen took advantage of the opportunity to litigate against Naparstek, and settled their cases in the context of litigation in the courts of Massachusetts.
Finally, the plaintiff argues that defendant Chen should be judicially estopped from arguing in favor of the application of Canadian law. The plaintiff cites no authority for the application of this doctrine. Defendant Chen has not changed his position throughout the course of this litigation, or made any material misrepresentations that induced the plaintiff to act.
ORDER
In accordance with the earlier ruling of this court (Fahey, J.), paper number 29 is treated as a motion in limine, and, for the foregoing reasons, in the litigation between plaintiff Naparstek and defendant Chen, this court will apply the law of Quebec, Canada. Under R.S.Q., c. A-25, §83.57, the cause of action brought by Naparstek against Chen is not available. Therefore, this case must be and hereby is dismissed.

In a companion case, defendant Kok Jung Chen sued the estate of the late Amy Sara Naparstek for injuries he suffered in the accident. Middlesex Superior Court Civil Action No. 96-6570. Chen’s suit against the estate of Naparstek was consolidated with this case. Chen has settled his case for approximately $60,000. Also, the plaintiff Turgeon has settled its case against the estate of Naparstek.

Massachusetts recognizes a common law right of action against a negligent operator of a motor vehicle who causes personal injuries. Abraham v. Rice, 306 Mass. 24, 25 (1940). Quebec does not recognize such a cause of action, but limits recovery to statutory no-fault benefits available under the Act, R.S.Q. c. A-25, §83.57. The Act is a no-fault comprehensive insurance plan whereby Quebec residents injured in an automobile accident are compensated regardless of the place of the accident and nonresidents are compensated if injured in an accident in Quebec. R.S.Q. Ch. A-25. The Societe de l’Assurance Automobile du Quebec distributes benefits for lost income, medical expenses, injury, disfigurement, permanent impairment and loss of enjoyment. Id. at sections 5, 19, 44, 45, 51 and 73. The Act does not compensate parties for pain and suffering.” Turgeon v. Naparstek, Middlesex Superior Court CA. 96-6357 & 96-6570 (Jan. 19, 1999) (Neel, J.) (9 Mass. L. Rptr. 480).

In her memorandum of law entitled “Plaintiffs Submission to Trial Judge on issue Whether This Court Should Retain Action,” the plaintiff addresses the question of jurisdiction. This court's decision is not based on the view that the courts of the Commonwealth of Massachusetts lack or have lost jurisdiction over this case or the parties.

The defendant Chen reports that the plaintiff settled her claim against defendant Naparstek for $835,5000.

Although I accept plaintiffs representation that she is a resident of Vermont, under the Quebec Automobile Insurance Act, Ch. A-25, Title II, Division II (General Rules), para. 8, "(wjhere an automobile registered in Quebec is involved in an accident in Quebec, the owner, the driver, and the passengers are deemed to be resident in Quebec.” Presumably, this law enabled the plaintiff Turgeon to take advantage of the Canadian health care system in obtaining medical care following the accident and to recover benefits from the Societe. This fact also diminishes the force of any suggestion that the law of the state of Vermont should be applied in this case.